# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS

SAMANTHA STINSON and JONATHAN STINSON, on behalf of themselves and on behalf of their minor children, A.R.S. and A.W.S.; STEPHEN CALDWELL, on behalf of himself and on behalf of his minor child, W.C.; JOSEPH ARMENDARIZ, on behalf of himself and on behalf his minor children, M.A. and W.A.; TALARA TAYLOR and SHANE TAYLOR, on behalf of themselves and on behalf of their minor children, K.T. and M.T.; CAROL VELLA, on behalf of herself and on behalf of her minor children, E.M.V. and N.M.V.; DANIEL RIX, on behalf of himself and on behalf of his minor children, A.R., J.R., and W.R.; and LEAH BAILEY, on behalf of herself and on behalf her minor children, C.T. and D.T.,

                              *Plaintiffs,*

V.

FAYETTEVILLE SCHOOL DISTRICT NO. 1; SPRINGDALE SCHOOL DISTRICT NO. 50; BENTONVILLE SCHOOL DISTRICT NO. 6; AND SILOAM SPRINGS SCHOOL DISTRICT NO. 21,

                              *Defendants.*

          *          *          *

STATE OF ARKANSAS, *ex rel.* TIM GRIFFIN, ATTORNEY GENERAL,

                              *Intervenor.*

CIVIL ACTION NO. 5:25-CV-05127

# STATE OF ARKANSAS'S ANSWER

Intervenor, the State of Arkansas, for its answer to Plaintiffs' complaint, states:[1]

1.    Intervenor is without knowledge or information sufficient to form a belief about the number of elementary and secondary students are in Arkansas or the number of public elementary and secondary schools across the State. Intervenor is also without knowledge or information sufficient to form a belief about these students' and their families' religious beliefs and practices, or lack thereof. Paragraph 1 also contains legal conclusions to which Intervenor is not required to respond. To the extent it must respond, it denies the legal conclusions and denies the remainder of the allegations in paragraph 1.

2.    Paragraph 2 contains legal conclusions to which Intervenor is not required to respond. The case cited in the paragraph speaks for itself. To the extent a response is necessary, Intervenor denies the allegations in paragraph 2.

3.    Paragraph 3 contains legal conclusions to which Intervenor is not required to respond. The case cited in the paragraph speaks for itself. Intervenor denies the remainder of the allegations in paragraph 3.

4.    Paragraph 4 contains legal conclusions to which Intervenor is not required to respond. To the extent Intervenor is required to respond, it denies the allegations in paragraph 4.

---

[1] Under Federal Rule of Civil Procedure 5.1, Intervenor is not required to file an answer. Intervenor files this answer out of an abundance of caution, not as an admission that it is required to file such an answer.

5.    Paragraph 5 contains legal conclusions to which Intervenor is not required to respond.  To the extent Intervenor is required to respond, Intervenor is without knowledge or information sufficient to form a belief regarding the quotation's accuracy and therefore denies the same.  Intervenor denies the remainder of the allegations in paragraph 5.

6.    Intervenor admits that Plaintiffs seek a declaratory judgment and permanent injunctive relief. It denies the remainder of the allegations in paragraph 6.

## JURISDICTION & VENUE[2]

7.    Paragraph 7 contains legal conclusions to which Intervenor is not required to respond. To the extent a response is necessary, Intervenor denies the allegations in paragraph 7.

8.    Paragraph 8 contains legal conclusions to which Intervenor is not required to respond. To the extent a response is necessary, Intervenor denies the allegations in paragraph 8.

9.    Paragraph 9 contains legal conclusions to which Intervenor is not required to respond. To the extent Intervenor is required to respond, it is without knowledge or information sufficient to form a belief about the allegations in paragraph 9.

---

[2] Intervenor uses the section headings in the complaint only for the reader's ease. To the extent it is required, they deny all allegations, explicit and implied, from every heading in the complaint.

10.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 10.

11.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 11.

12.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 12.

13.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 13.

14.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 14.

15.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 15.

16.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 16.

17.    Intervenor admits that Fayetteville School District No. 1 is located in Washington County, Arkansas. The remaining allegations in paragraph 17 contain legal conclusions to which Intervenor is not required to respond. To the extent a response is necessary, the allegations are denied.

18.    Intervenor admits that Springdale School District No. 50 is located in Washington County, Arkansas. The remaining allegations in paragraph 18 contain legal conclusions to which Intervenor is not required to respond. To the extent a response is necessary, the allegations are denied.

19.     Intervenor admits that Bentonville School District No. 6 is located in Benton County, Arkansas. The remaining allegations in paragraph 19 contain legal conclusions to which Intervenor is not required to respond. To the extent a response is necessary, the allegations are denied.

20.     Intervenor admits that Siloam Springs School District No. 21 is located in Benton County, Arkansas. The remaining allegations in paragraph 20 contain legal conclusions to which Intervenor is not required to respond. To the extent a response is necessary, the allegations are denied.

## FACTUAL ALLEGATIONS

21.     Paragraph 21 contains legal conclusions to which Intervenor is not required to respond.  To the extent it must respond, it admits that the Governor signed Act 573 of 2025 on April 21, 2025, and that Act 573's effective date was August 5, 2025.  It denies the remainder of the allegations, including the characterizations of Act 573 that are inconsistent with the law.

22.     Regarding the quotations in paragraph 22, Intervenor is without knowledge or information sufficient to form a belief regarding their accuracy and therefore denies the same.

23.     Paragraph 23 contains legal conclusions to which Intervenor is not required to respond.  To the extent a response is necessary, Intervenor denies the allegations, including Paragraph 23's and footnote 4's legal characterizations to the extent they are inconsistent with the law.

24.     Paragraph 24 contains legal conclusions to which Intervenor is not required to respond. To the extent a response is necessary, Intervenor denies the allegations, including Paragraph 24's and footnote 5's legal characterizations to the extent they are inconsistent with the law.

25.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Paragraph 25 contain legal conclusions to which Intervenor is not required to respond. To the extent a response is necessary, Intervenor denies the allegations.

26.      Paragraph 26 contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, Intervenor denies the allegations.

27.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations in paragraph 27 inconsistent therewith.

28.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations in paragraph 28 inconsistent therewith.

29.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations in paragraph 29 inconsistent therewith.

30.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations in paragraph 30 inconsistent therewith.

31.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations in paragraph 31 inconsistent therewith.

32.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. The remaining allegations in paragraph 32 contain legal conclusions to which Intervenor is not required to respond. To the extent a response is required, Intervenor denies the allegations.

33.     Paragraph 33 contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, Intervenor denies the allegations.

34.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 34. Intervenor denies the allegations in paragraph 34.

35.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 35.

36.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 36. Paragraph 36 contains legal conclusions to which Intervenor is not required to respond. To the extent a response is necessary, Intervenor denies the allegations. Intervenor also denies the factual allegations in paragraph 36.

37.     Intervenor is without knowledge or information sufficient to form a belief about "subscri[ption]" to the Ten Commandments.  It denies the remainder of the allegations in Paragraph 37.

38.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the remainder of allegations in paragraph 38 and therefore denies same.

39.    Intervenor is without knowledge or information sufficient to form a belief about the remainder of allegations in paragraph 39 and therefore denies same.

40.    Intervenor is without knowledge or information sufficient to form a belief about the remainder of allegations in paragraph 40 and therefore denies same.

41.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the remainder of allegations in paragraph 41 and therefore denies same.

42.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the remainder of allegations in paragraph 42 and therefore denies same.

43.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraphs 43 and therefore denies same.

44.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 44.

45.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 45 and therefore denies same.

46.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 46 and therefore denies same.

47.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 47 and therefore denies same.

48.     Intervenor affirmatively states that Arkansas law speaks for itself and denies any allegations inconsistent therewith. The remainder of the allegations in paragraph 48 contain legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

49.     Intervenor affirmatively states that Arkansas law speaks for itself and denies any allegations inconsistent therewith. The remainder of the allegations in paragraph 49 contain legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

50.     Intervenor affirmatively states that Arkansas law speaks for itself and denies any allegations inconsistent therewith. The remainder of the allegations in

paragraph 50 contain legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

51.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 51 and therefore denies same.

52.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 52 and therefore denies same.

53.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 53 and therefore denies same.

54.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 54 and therefore denies same.

55.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 55 and therefore denies same.

56.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 56.

57.    Intervenor affirmatively states that Arkansas law speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 57 and therefore denies same.

58.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations in paragraph 58 inconsistent therewith.

59.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Regarding the quotations in paragraph 59, Intervenor is without knowledge or information sufficient to form a belief regarding their accuracy and therefore denies the same. Intervenor denies any remaining allegations in paragraph 59.

60.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Regarding the quotations in paragraph 60, Intervenor is without knowledge or information sufficient to form a belief regarding their accuracy and therefore denies the same. Intervenor denies any remaining allegations in paragraph 60.

61.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Regarding the quotations in paragraph 61, Intervenor is without knowledge or information sufficient to form a belief regarding their accuracy and therefore denies the same. Intervenor denies any remaining allegations in paragraph 61.

62.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Regarding the quotations in paragraph 62, Intervenor is without knowledge or information sufficient to form a belief regarding their accuracy and therefore denies the same. Intervenor denies any remaining allegations in paragraph 62.

63.     Intervenor denies the allegations in paragraph 63.

64.     Intervenor denies the allegations in paragraph 64.

10

65.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 65 and therefore denies same.

66.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 66 and therefore denies same.

67.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 67 and therefore denies same.

68.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 68 and therefore denies same.

69.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 69 and therefore denies same.

70.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 70 and therefore denies same.

71.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or

information sufficient to form a belief about the allegations in paragraph 71 and therefore denies same.

72.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 72.

73.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 73 and therefore denies same.

74.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 74.

75.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 75.

76.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 76 and therefore denies same.

77.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 77.

78.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraphs 78 and therefore denies same.

79.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or

information sufficient to form a belief about the allegations in paragraph 79 and therefore denies same.

80.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 80 and therefore denies same.

81.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 81 and therefore denies same.

82.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 82 and therefore denies same.

83.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 83.

84.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 84.

85.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or

information sufficient to form a belief about the allegations in paragraph 85 and therefore denies same.

86.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 86 and therefore denies same.

87.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 87 and therefore denies same.

88.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 88 and therefore denies same.

89.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 89 and therefore denies same.

90.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 90 and therefore denies same.

91.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 91 and therefore denies same.

92.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 92 and therefore denies same.

93.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 93 and therefore denies same.

94.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 94.

95.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 95.

96.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 96.

97.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 97.

98.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 98 and therefore denies same.

99.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 99 and therefore denies same.

100.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 100 and therefore denies same.

101.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 101 and therefore denies same.

102.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 102 and therefore denies same.

103.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 103.

104.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 104.

105.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or

16

information sufficient to form a belief about the allegations in paragraph 105 and therefore denies same.

106.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 106.

107.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 107 and therefore denies same.

108.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 108 and therefore denies same.

109.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 109 and therefore denies same.

110.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 110 and therefore denies same.

111.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or

information sufficient to form a belief about the allegations in paragraph 111 and therefore denies same.

112.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 112 and therefore denies same.

113.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 113.

114.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 114.

115.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 115.

116.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 116 and therefore denies same.

117.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 117.

118.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 118.

119.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 119 and therefore denies same.

120.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 120 and therefore denies same.

121.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 121 and therefore denies same.

122.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 122 and therefore denies same.

123.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 123 and therefore denies same.

124.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or

information sufficient to form a belief about the allegations in paragraph 124 and therefore denies same.

125.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 125.

126.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 126.

127.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 127 and therefore denies same.

128.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 128.

129.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 129 and therefore denies same.

130.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 130 and therefore denies same.

131.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or

information sufficient to form a belief about the allegations in paragraph 131 and therefore denies same.

132.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 132 and therefore denies same.

133.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 133 and therefore denies same.

134.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 134.

135.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 135.

136.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about Ms. Bailey's beliefs and therefore denies same. Intervenor denies the remaining allegations in paragraph 136.

## **CLAIMS FOR RELIEF**

## **COUNT I**

137.    Intervenor incorporates by reference its responses to each of the preceding paragraphs as if fully set forth herein.

138.    Intervenor affirmatively states that the Establishment Clause of the First Amendment to the United States Constitution speaks for itself and denies any allegations in paragraph 138 inconsistent therewith.

139.    Intervenor affirmatively states that the Supreme Court case cited in paragraph 139 speaks for itself, and Intervenor denies any allegations inconsistent therewith. The remainder of paragraph 139 contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

140.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 140. Paragraph 140 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

141.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 141. Paragraph 141 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

142.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 142. Paragraph 142 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

143.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 143. Paragraph 143 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

144.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 144. Paragraph 144 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

145.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 145. Paragraph 145 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

## COUNT II

146.    Intervenor incorporates by reference its responses to each of the preceding paragraphs as if fully set forth herein.

147.    Intervenor affirmatively states that the Free Exercise Clause of the First Amendment to the United States Constitution speaks for itself and denies any allegations in paragraph 147 inconsistent therewith.

148.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 148. Paragraph 148 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

149.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 149. Paragraph 149 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

150.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 150. Paragraph 150 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

151.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 151. Paragraph 151 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

152.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 152. Paragraph 152 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

153.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 153. Paragraph 153 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

154.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 154. Paragraph 154 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

**REQUEST FOR RELIEF**

155.    Intervenor denies that Plaintiffs are entitled to the relief requested in paragraph A of the "REQUEST FOR RELIEF" section of their complaint.

156.    Intervenor denies that Plaintiffs are entitled to the relief requested in paragraph B of the "REQUEST FOR RELIEF" section of their complaint.

157.    Intervenor denies that Plaintiffs are entitled to the relief requested in paragraph D[3] of the "REQUEST FOR RELIEF" section of their complaint.

158.    Intervenor denies that Plaintiffs are entitled to the relief requested in paragraph E of the "REQUEST FOR RELIEF" section of their complaint.

159.    Intervenor denies that Plaintiffs are entitled to the relief requested in paragraph F of the "REQUEST FOR RELIEF" section of their complaint.

160.    Intervenor denies each and every material allegation not specifically admitted herein.

**Affirmative Defenses**

161.    Pleading affirmatively, Plaintiffs have not plausibly alleged sufficient facts to demonstrate that Act 573 of 2025 violates their constitutional rights. As a result, this lawsuit should be dismissed.

162.    Intervenor reserves the right to file any other appropriate pleading to allege any additional defenses available to it.

---

[3] Plaintiffs' complaint omits a paragraph C in its "REQUEST FOR RELIEF" section.

## Jury Demand

163.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Intervenor gives notice of its jury demand for all claims so triable.

WHEREFORE, the State of Arkansas respectfully requests that the Court dismiss Plaintiffs' complaint and further requests any and all just and proper relief to which it may be entitled.

Respectfully submitted,

TIM GRIFFIN
Attorney General


By:    Noah P. Watson
       Ark. Bar No. 2020251
       Deputy Solicitor General

       Laura Purvis
       Ark. Bar No. 2023239
       Assistant Attorney General

       Arkansas Attorney General's Office
       101 West Capitol Avenue
       Little Rock, AR 72201
       (501) 682-1019
       (501) 682-2591 fax
       noah.watson@arkansasag.gov
       laura.purvis@arkansasag.gov

       *Counsel for State of Arkansas, ex rel.*
       *Tim Griffin, Attorney General*