UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| SAMANTHA STINSON and JONATHAN STINSON, on behalf of themselves and on behalf of their minor children, A.R.S. and A.W.S.; STEPHEN CALDWELL, on behalf of himself and on behalf of his minor child, W.C.; JOSEPH ARMENDARIZ, on behalf of himself and on behalf his minor children, M.A. and W.A.; TALARA TAYLOR and SHANE TAYLOR, on behalf of themselves and on behalf of their minor children, K.T. and M.T.; CAROL VELLA, on behalf of herself and on behalf of her minor children, E.M.V. and N.M.V.; DANIEL RIX, on behalf of himself and on behalf of his minor children, A.R., J.R., and W.R.; and LEAH BAILEY, on behalf of herself and on behalf her minor children, C.T. and D.T., <br><br> *Plaintiffs,* <br><br> v. <br><br> FAYETTEVILLE SCHOOL DISTRICT NO. 1; SPRINGDALE SCHOOL DISTRICT NO. 50; BENTONVILLE SCHOOL DISTRICT NO. 6; AND SILOAM SPRINGS SCHOOL DISTRICT NO. 21, <br><br> *Defendants.* <br><br>     \*        \*        \* <br> STATE OF ARKANSAS, *ex rel.* TIM GRIFFIN, ATTORNEY GENERAL, <br><br> *Intervenor.* | CIVIL ACTION NO. 5:25-CV-05127 |

**STATE OF ARKANSAS'S EXPEDITED RESPONSE IN OPPOSITION
TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiffs' motion for leave to amend their complaint should be denied.  Though the amendment policy prescribed by Rule 15(a) is generally a liberal one, that does not mean leave should be granted in every case.  Nor is it.  *See, e.g., Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (denying leave to amend where the plaintiff was "guilty of undue delay" (internal quotation marks omitted)).  "[T]here is no absolute right to amend and a court may deny the motion based upon a finding of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007).  Several reasons weigh against Plaintiffs' motion being granted.  First, they unduly delayed in trying to add proposed plaintiffs and proposed defendants.  Second, the State will suffer prejudice if amendment is allowed.  And third, whereas the State will suffer ongoing harm if amendment is allowed, Plaintiffs will not suffer prejudice.

Plaintiffs' motion also faces a threshold hurdle.  This Court lacks jurisdiction to grant leave to amend the complaint due to the pending appeal.

I.   **THE COURT LACKS JURISDICTION TO ALLOW PLAINTIFFS TO AMEND THEIR COMPLAINT.**

Plaintiffs' motion for leave to amend fails at the outset because this Court lacks jurisdiction to allow the complaint to be amended.  The State's appeal of the Court's order denying its motion to dismiss and granting Plaintiffs' motion for a preliminary injunction has deprived the Court of jurisdiction over matters related to the appeal.

"As a general rule, 'a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Hunter v. Underwood*,

1

362 F.3d 468, 475 (8th Cir. 2004) (quoting *Liddell v. Bd. of Educ.,* 73 F.3d 819, 822 (8th Cir. 1996)).[1] That is why "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal.'" *Id.*; *see State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999) ("Once a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal.").

Accordingly, "once a notice of appeal has been filed, a district court may not grant leave to amend a complaint" or take another proposed action that "would impermissibly alter the status of the pending appeal." Allan Ides, *The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed*, 143 F.R.D. 307, 303 (1992)) (citing *Dayton Indep. Sch. Dist. v. U.S. Min. Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990)); *see Truong v. Collins Aerospace Sys.*, No. CV 23-1346 (JRT/DLM), 2024 WL 2412052, at *2 (D. Minn. May 23, 2024) ("While that appeal [of the order granting the motion to dismiss] is pending, the Court lacks jurisdiction to consider other aspects of the case, including [the plaintiff's] motion to amend the complaint."). So where there is an appeal pending regarding a motion to dismiss, a district court should deny the "motion to amend the complaint for lack of jurisdiction." *Truong*, 2024 WL 2412052, at *2.

Here, there is an appeal pending of the Court's order granting the preliminary-injunction motion and denying the State's motion to dismiss, ECF No. 78, which means the Court should deny the motion to amend the complaint for lack of

---

[1] The Eighth Circuit has found a narrow exception where the court is supervising a "continuing course of conduct," which does not apply here. *See Liddell*, 73 F.3d at 822.

jurisdiction. Although denials of motions to dismiss are ordinarily not appealable, they are when they are "so intertwined with the injunction decision itself or the terms of the injunction as to require review as part of the injunction review," which is the case here. Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3921.1 (3d ed.). Indeed, the State filed a combined brief in support of its motion to dismiss and an opposition to Plaintiffs' preliminary-injunction motion. *See* ECF 53. In that brief, the State explained that Plaintiffs' lack of standing and unripe claims both necessitated dismissal of the complaint, *id.* at 6–17, and that Plaintiffs' lack of standing meant "they cannot show they are likely to succeed on any of their claims" to be entitled to a preliminary injunction, *id.* at 17. And the Court's order denying the motion to dismiss and granting a preliminary injunction rejected the standing and ripeness arguments related to both the motion to dismiss and preliminary injunction without distinguishing between the two contexts. *See* ECF No. 71. The Court has thus already recognized that these are inseparable and, by extension, are part of the review on appeal.

## II. BASED ON THEIR THEORY OF THE CASE, PLAINTIFFS UNDULY DELAYED IN ADDING PROPOSED PLAINTIFFS AND PROPOSED DEFENDANTS.

The original complaint could have included the proposed plaintiffs and the proposed defendants under Plaintiffs' theory of the case. Plaintiffs therefore have unduly delayed seeking this amendment. "[A] motion to amend should be made as soon as the necessity for altering the pleading becomes apparent." Wright & Miller, Fed. Prac. & Proc. § 1488 (3d ed.). And "an amendment clearly will not be allowed when the moving party has been guilty of delay in requesting leave to amend and, as

a result of the delay, the proposed amendment, if permitted, would have the effect of prejudicing another party to the action." *Id.*

Although the State argued that Plaintiffs lacked standing and asserted unripe claims when they filed their complaint, *see, e.g.*, ECF No. 53 at 6–17, Plaintiffs disagreed (as did the Court). Plaintiffs argued the threat of Act 573 displays being posted in the future was sufficient to confer standing, and they argued that the law provided enough details to make their claims ripe. *See* ECF No. 58 at 11–27. Under those theories, the proposed plaintiffs and proposed defendants would have been proper parties when this lawsuit was filed two and a half months ago. ECF No. 1. The proposed plaintiffs offer no reason they could not have brought their claims against the proposed defendants then.

Plaintiffs cannot now take a contrary view about standing and ripeness. They are judicially estopped. "Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich*, 530 U.S. 211, 228 & n.8 (2000). This "equitable doctrine" is intended to "protect[] the integrity of the judicial process." *Combs v. Cordish Companies, Inc.*, 862 F.3d 671, 678 (8th Cir. 2017). And one factor courts can consider in deciding whether a party is judicially estopped from making a particular argument is "whether the party's later position is clearly inconsistent with its prior position." *Id.* (internal quotation marks omitted).

Plaintiffs seek to amend their complaint to add proposed plaintiffs, but according to Plaintiffs' standing arguments—on which this Court relied—proposed

4

plaintiffs had standing to be a part of this lawsuit when it was filed on June 11, 2025. Yet Plaintiffs waited two and a half months since filing suit, ECF No. 1; three weeks after this Court entered its order granting Plaintiffs' motion for a preliminary injunction on August 4, 2025, ECF No. 71; and over a week after they learned of the allegations in the proposed amended complaint, ECF No. 79, ¶ 7, to try to amend their complaint. The motion to amend the complaint is therefore the product of undue delay, and Plaintiffs are judicially estopped from arguing proposed plaintiffs and proposed defendants could not have been included from the start. Plaintiffs' motion for leave to amend should be denied.

### III.  THE STATE WILL SUFFER PREJUDICE IF AMENDMENT IS ALLOWED.

Prejudice to the opposing party is "[p]erhaps the most important factor" for denying leave. Wright & Miller, Fed. Prac. & Proc. § 1487 (3d ed.); *see United States v. Hougham*, 364 U.S. 310, 316 (1960) (Rule 15 "was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result."). And here Plaintiffs' undue delay in filing their motion for leave to amend will work to the State's prejudice, which will manifest and is already manifesting in at least two concrete ways. The Court should not grant leave to amend the complaint.

For starters, Plaintiffs' amendment would interfere with the State's appeal of the preliminary injunction and the denial of its motion to dismiss. For example, one issue on appeal is whether Plaintiffs carried their burden of proving standing, which is determined "as of the time" they filed their suit. *See Murthy v. Missouri*, 603 U.S. 43, 58 (2024). If Plaintiffs amend their complaint, then the standing arguments could

change, and the State's appeal would be impacted. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." (quotation omitted)); *Greenberg v. Lehocky*, 81 F.4th 376, 384 (3d Cir. 2023). Indeed, review of some issues could even become precluded. So even assuming that this Court retains jurisdiction to allow the amendment, it would prejudice the State to do so.

Further, the State would suffer prejudice from additional pleadings that would follow if the Court granted leave to amend. Plaintiffs indicate that they will file a motion for a temporary restraining order, *see* ECF No. 79, ¶ 11; ECF No. 80, ¶ 3, which makes it likely that another motion for a preliminary injunction will follow. Responding to these additional pleadings will harm the State, especially if Plaintiffs request expedited briefing. Indeed, the State has already suffered prejudice by being ordered on a Sunday evening to respond by 5 p.m. the next day, which kneecaps its ability to develop arguments on this issue and distracts from other deadlines.

Nor will Plaintiffs' additional filings be limited to this proposed amended complaint. Plaintiffs do not intend to stop amending their complaint, expressly acknowledging they may "add additional plaintiffs and defendant school districts" in the future. ECF No. 79, at 2. Considering Plaintiffs' position on standing and ripeness, the Court should not abide this gamesmanship that complicates the appeal and the ongoing proceedings in this Court.

6

Plaintiffs' explicit and expressed intent to continue to move to amend their complaint combined with the actual evidence surrounding the present motion to amend give a framework for how Plaintiffs expect these amendments to operate in the future—the State will continually be forced to lodge its objections on an expedited basis, while Plaintiff engages in its short-order motion practice. That causes harm to the State's case and should not be permitted. Plaintiffs' motion to amend should be denied for the prejudice it will cause the State.

### IV. WHEREAS THE STATE WILL SUFFER ONGOING HARM IF AMENDMENT IS ALLOWED, PLAINTIFFS AND PROPOSED PLAINTIFFS WILL NOT SUFFER PREJUDICE.

Not only will the State suffer prejudice from this amendment, but the State will likely suffer ongoing harm if the amendment is allowed because Plaintiffs have indicated that they intend to continually amend the complaint to add new defendants and new plaintiffs. This means that the State will need to continue to expend resources to oppose such improper requests and continually amend its notice of appeal—all while the issues on appeal become more complicated and appellate resolution continues to be delayed. And this prejudice to the State is unnecessary because Plaintiffs will suffer no prejudice if they are not allowed to amend as Defendants remain enjoined from enforcing the Act in the school districts where Plaintiffs' children attend.

Proposed plaintiffs, however, have other avenues to seek appropriate relief that do not include having Plaintiffs attempt to amend a complaint to add proposed plaintiffs to an ongoing lawsuit with a pending appeal. First, they could have filed their own complaint in federal district court or state court and then filed a motion for

a temporary restraining order. That would also skip the manufactured steps of moving to amend the complaint, and then moving to expedite Intervenor's response to the amended complaint, and then finally moving for a temporary restraining order (assuming Plaintiffs are allowed to amend at all). Not only would filing a separate lawsuit for proposed Plaintiffs have saved steps, it also would have allowed for the benefit of percolation of these legal issues.

Plaintiffs have manufactured a narrow road for themselves and threaten to burden the State with not just one but theoretically 232 more amendments with expedited response times.[2] That is patently unfair and works to prejudice the State. Plaintiffs' motion for leave to amend should therefore be denied.

## CONCLUSION

For these reasons, Plaintiffs' motion for leave to amend the complaint should be denied.

---

[2] *Arkansas K-12 Profile: 2024–2025*, Ark. Dep't of Educ., https://adedata.arkansas.gov/ark12 (last visited Aug. 25, 2025) (stating there are 237 school districts in Arkansas).

                    Respectfully submitted,

                    TIM GRIFFIN
                    Attorney General


By:    Noah P. Watson
        Ark. Bar No. 2020251
        Deputy Solicitor General

        Laura Purvis
        Ark. Bar No. 2023239
        Assistant Attorney General

        Arkansas Attorney General's Office
        101 West Capitol Avenue
        Little Rock, Arkansas 72201
        (501) 682-1019
        (501) 682-2591 fax
        noah.watson@arkansasag.gov
        laura.purvis@arkansasag.gov

        *Counsel for State of Arkansas, ex rel.*
        *Tim Griffin, Attorney General*