IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| SAMANTHA STINSON and JONATHAN STINSON, on behalf of themselves and on behalf of their minor children, A.R.S. and A.W.S.; STEPHEN CALDWELL, on behalf of himself and on behalf of his minor child, W.C.; JOSEPH ARMENDARIZ, on behalf of himself and on behalf of his minor children, M.A. and W.A.; TALARA TAYLOR and SHANE TAYLOR, on behalf of themselves and on behalf of their minor children, K.T. and M.T.; CAROL VELLA, on behalf of herself and on behalf of her minor children, E.M.V. and N.M.V.; DANIEL RIX, on behalf of himself and on behalf of his minor children, A.R., J.R., and W.R.; and LEAH BAILEY, on behalf of herself and on behalf of her minor children, C.T. and D.T. | PLAINTIFFS |
| V.                              CASE NO. 5:25-CV-5127 | |
| FAYETTEVILLE SCHOOL DISTRICT NO. 1; SPRINGDALE SCHOOL DISTRICT NO. 50; BENTONVILLE SCHOOL DISTRICT NO. 6; and SILOAM SPRINGS SCHOOL DISTRICT NO. 21 | DEFENDANTS |
| AND | |
| STATE OF ARKANSAS, *ex rel.* TIM GRIFFIN, ATTORNEY GENERAL | INTERVENOR |

OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Leave to Amend the Complaint (Doc. 79). The State of Arkansas filed a Response in Opposition (Doc. 84), and Plaintiffs filed a Reply (Doc. 85). For the reasons explained below, the Motion is **GRANTED IN PART AND DENIED IN PART**, in that the Court grants leave for Plaintiffs to file the proposed pleading attached to their Motion as a supplemental complaint under Federal Rule of Civil Procedure 15(d), rather than an amended complaint under Rule 15(a).

## I.  BACKGROUND

On August 4, 2022, this Court issued an Order (Doc. 71) preliminarily enjoining the Fayetteville, Springdale, Bentonville, and Siloam Springs School Districts from complying with Act 573, which would have required all public schools in Arkansas to "prominently display" a 16"x20" poster or framed copy of the Ten Commandments in a "conspicuous place" in each "elementary and secondary school library and classroom." Act 573 §§ (a)(1)–(2). The Plaintiffs are nine parents of minor children who attend school in the four named districts. The State of Arkansas intervened in the case to defend Act 573 on the merits, eventually moving to dismiss Plaintiffs' claims based on lack of standing and ripeness and opposing Plaintiffs' request for preliminary injunctive relief. After fulsome briefing and a motion hearing, the Court denied the State's motion to dismiss and entered a preliminary injunction the day before the law was set to take effect. On August 22, the State filed an interlocutory appeal of the Court's Order. *See* Doc. 78.

For the benefit of the 233 school districts in Arkansas that were not specifically enjoined: The Court ruled that Act 573, if put into effect, was likely to violate the First Amendment rights of *all Arkansas public-school parents and their children*—not just those attending public school in Fayetteville, Springdale, Bentonville, and Siloam Springs. To put it another way, any public school district in Arkansas that displays the Ten Commandments posters is likely violating the U.S. Constitution even though they are not subject to this Court's prior Order or contempt power.

The Court assumed that the State would advise the other 233 school districts of the Court's ruling and caution them to refrain from displaying the Ten Commandments posters they received until a dispositive ruling was entered or these matters were resolved

2

on appeal. Clearly, that did not happen. According to the proposed amended complaint (Doc. 79-1), Ten Commandments posters were displayed in public school classrooms on the first day of school—including in Conway, Arkansas.

On Friday, August 22, 2025, Plaintiffs filed a Motion for Leave to Amend the Complaint (Doc. 79) to add parents Julee Jaeger and April and Kyle Berry and their minor children who attend public schools in Conway School District No. 1. These proposed new plaintiffs assert the same claims as the original Plaintiffs and seek identical preliminary and permanent injunctive relief. The only difference is that the new plaintiffs claim they suffered constitutional injury only recently, on the first day of school, August 18, 2022, when the children encountered Ten Commandments posters in their classrooms that complied with Act 573. Ms. Jaeger and Mr. and Mrs. Berry and their children first saw the posters on back-to-school night, August 14. They asked that the posters be taken down, but their schools and school boards refused. Plaintiffs' counsel were contacted and filed the instant Motion for Leave to Amend on August 22, four days after school began.

## II DISCUSSION

Federal Rule of Civil Procedure 15(a) encourages district courts to liberally grant leave to amend a complaint "when justice so requires," so long as there is no evidence of "undue delay, bad faith, dilatory motive, . . . undue prejudice to the non-moving party, or futility." *Anderson v. Bank of the West*, 23 F.4th 1056, 1060 (8th Cir. 2022). The State argues that the Court lacks jurisdiction to allow any amendment to the Complaint while certain matters are on interlocutory appeal. That is plainly incorrect. Filing a notice of appeal only divests the district court of "control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)

(emphasis added). Filing an interlocutory appeal "does not ipso facto divest the district court of jurisdiction to proceed with the cause with respect to any matter not involved in the appeal," *Janousek v. Doyle*, 313 F.2d 916, 920 (8th Cir. 1963), and "does not wholly divest the District Court of jurisdiction over the entire case," *W. Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1229 (8th Cir. 2019). "A district court therefore may . . . consider whether to grant permanent injunctive relief while an appeal from a preliminary injunction is pending." *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) (citing *Griggs*, 459 U.S. at 58); *see also W. Pub. Co.*, 799 F.2d at 1229 (explaining that the district court could have held a trial on the merits even while an interlocutory appeal of a preliminary injunction was pending).[1]

There are two issues pending before the Eighth Circuit on interlocutory appeal: (1) whether the Court erred in denying the State's motion to dismiss on standing and ripeness grounds, and (2) whether the Court abused its discretion in finding Plaintiffs likely to succeed on the merits of their First Amendment claims and in issuing a preliminary injunction. When arguing the motion to dismiss, the State maintained that Plaintiffs' constitutional injuries were too speculative to justify immediate relief because no Ten Commandments posters had been donated at that time, so Plaintiffs' likelihood of injury was too speculative for their claims to be ripe for judicial review. Shortly after the State made these arguments—but before the Court issued its Order—the four Defendant school districts reported that they had received *hundreds* of poster donations, which the Court took into account in denying the State's motion to dismiss. *See* Doc. 71, p. 17. The

---

[1] In view of this precedent, the Court does not intend to stay the case on interlocutory appeal and instead will issue a case management order setting the matter for expedited discovery and briefing on dispositive motions.

State also argued that posters were too "passive" to cause any meaningful constitutional injury, a claim the Court also rejected.

To the extent the State believes an amended complaint would displace the original complaint and affect the Eighth Circuit's ability to consider the State's standing arguments, the Court finds it appropriate to treat Plaintiffs' proposed amended complaint as a supplemental pleading under Rule 15(d), which provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.

"Several federal courts have held that a supplemental pleading may seek to bring in additional parties, plaintiff or defendant, when the subsequent events alleged in the new pleading make it necessary to join them." 6A Wright & Miller's Federal Practice and Procedure § 1507 (3d ed. 2025). For example, in *Griffin v. County School Board of Prince Edward County*, the Supreme Court considered an original complaint challenging racial segregation in public schools and a later-filed supplemental complaint under Rule 15(d) that accused the county of using its funds and state funds to assist private schools and close public schools to avoid desegregation. 377 U.S. 218, 226 (1964). The supplemental complaint "did add new parties and rely in good part on transactions, occurrences, and events which had happened since the action had begun," but was not considered an amended complaint asserting "a new cause of action." *Id.* Instead, the supplemental complaint was "merely part of the same old cause of action arising out of the continued desire of colored students in Prince Edward County to have the same opportunity for state-supported education afforded to white people." *Id.*

5

Here, as was the case in *Griffin*, it is appropriate for the Court to grant Plaintiffs leave to file a supplemental complaint under Rule 15(d) to add parties who allege facts that transpired after those asserted in the original Complaint. Because a supplemental complaint alleges the standing of the proposed new plaintiffs *as of the time of the supplement*, it cannot affect the original Plaintiffs' standing as of the time of filing suit and, thus, cannot disturb the Eighth Circuit's interlocutory review of the State's standing arguments as to the original complaint. The purpose of permitting the supplemental complaint in this case is not to cure any deficiencies in the original complaint, but rather to add parties that are identically situated to the original Plaintiffs—except that they claim they suffered constitutional injury after the original complaint was filed because the preliminary injunction did not include their school district. The Court remains confident that the original Plaintiffs had standing to sue and that their claims of injury were ripe for adjudication, but the Court of Appeals retains exclusive jurisdiction over that question on appeal.

Though not explicitly stated in Rule 15(d), the Court believes a request to file a supplemental pleading should be evaluated in the same way as a request to file an amended complaint under Rule 15(a). *Cf.* Fed. R. Civ. P. 15 advisory committee notes to 1963 amendment ("Rule 15(d) is intended to give the court broad discretion in allowing a supplemental pleading."). Accordingly, leave should be liberally granted when justice so requires, provided there is no evidence of untimeliness or undue prejudice to the non-moving party. First, there is nothing untimely about Plaintiffs' Motion. The new plaintiffs sought leave to join the suit as soon as they realized that their school district planned to ignore this Court's Order. Second, the State's Response in Opposition to the Motion does

not even consider the prejudice that new plaintiffs will likely suffer if they are denied the opportunity to join the suit. Instead, the State grouses about the "prejudice" its *lawyers* will suffer in responding to "additional pleadings"—including dealing with such horrors as "expedited briefing" schedules, "Sunday evening" work, and "distract[ions] from other deadlines." (Doc. 84, p. 7). *Id.* Obviously, Rule 15 prejudice does not refer to counsel's workload.

The clear purpose of Rule 15(d)'s supplemental pleading rule is judicial efficiency. It is reasonable for parents and students affected by the implementation of Act 573 to seek relief from a Court that has already expended extensive judicial time and resources to consider the issues at length. The State's suggestion that the new plaintiffs pay a filing fee to bring a suit with the same arguments raised here would result in needless waste and run counter to effective judicial administration.

**IT IS THEREFORE ORDERED** that the Motion for Leave to Amend (Doc. 79) is **GRANTED IN PART AND DENIED IN PART**, in that the Plaintiffs are directed to file the proposed pleading attached to their Motion as a supplemental complaint under Rule 15(d), rather than an amended complaint under Rule 15(a).

**IT IS SO ORDERED** on this 27th day of August, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE