IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SAMANTHA STINSON and JONATHAN STINSON,
on behalf of themselves and on behalf
of their minor children, A.R.S. and A.W.S.;
STEPHEN CALDWELL, on behalf of himself
and on behalf of his minor child, W.C.;
JOSEPH ARMENDARIZ, on behalf of himself
and on behalf of his minor children, M.A. and W.A.;
TALARA TAYLOR and SHANE TAYLOR,
on behalf of themselves and on behalf
of their minor children, K.T. and M.T.;
CAROL VELLA, on behalf of herself
and on behalf of her minor children, E.M.V. and N.M.V.;
DANIEL RIX, on behalf of himself
and on behalf of his minor children, A.R., J.R., and W.R.;
and LEAH BAILEY, on behalf of herself
and on behalf of her minor children, C.T. and D.T.;
JULEE JAEGER, on behalf of herself
and on behalf of her minor child, U.J.; and
APRIL CHRISTINE BERRY and KYLE BERRY,
on behalf of themselves and on behalf
of their minor children, C.B. and K.B.,                                    PLAINTIFFS

V.                         CASE NO. 5:25-CV-5127

FAYETTEVILLE SCHOOL DISTRICT NO. 1;
SPRINGDALE SCHOOL DISTRICT NO. 50;
BENTONVILLE SCHOOL DISTRICT NO. 6;
SILOAM SPRINGS SCHOOL DISTRICT NO. 21; and
CONWAY SCHOOL DISTRICT NO. 1                                               DEFENDANTS

AND

STATE OF ARKANSAS *ex rel.* TIM GRIFFIN,
ATTORNEY GENERAL                                                           INTERVENOR

**TEMPORARY RESTRAINING ORDER**

Today Plaintiffs filed a Supplemental Complaint (Doc. 87) pursuant to Federal Rule

of Civil Procedure 15(d) and the affidavits of new Plaintiffs Julee Jaeger, April Christine

1

Berry, and Kyle Berry, whose children attend schools located in Defendant Conway School District Number 1. Plaintiffs also filed a Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 90) and a Brief in Support (Doc. 91). The standard for analyzing a request for a temporary restraining order is the same as for a preliminary injunction. *See Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022). The Court must consider the following factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Ng v. Bd. of Regents*, 64 F.4th 992, 997 (8th Cir. 2023) (quoting *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)).

Having reviewed the above factors, the Court finds that the requirements of Federal Rule of Civil Procedure 65(b)(1)(A) have been satisfied and a temporary restraining order should issue as to Conway School District. Conway Plaintiffs are identically situated to the original Plaintiffs: They advance the same legal arguments, assert the same constitutional injuries, and request the same relief. On August 4, 2025, the Court preliminarily enjoined the Fayetteville, Springdale, Bentonville, and Siloam Springs School Districts from enforcing Arkansas Act 573, as doing so would likely violate the First Amendment rights of public-school parents and their children. *See* Doc. 71. Since Conway School District was not named in the preliminary injunction, it carried out the requirements of Act 573 by displaying posters bearing the State-sanctioned version of the Ten Commandments in district classrooms and libraries.

2

Conway Plaintiffs, like the original Plaintiffs, have demonstrated that implementing the requirements of Act 573 likely violates the Establishment Clause of the United States Constitution. Further, it is likely that displaying the Ten Commandments in public-school classrooms and libraries violates the Free Exercise rights of Conway Plaintiffs by: (1) usurping the parents' parental authority to direct their children's religious upbringing and education; (2) subjecting the children to religious doctrine and beliefs in a manner that conflicts with the families' own religious beliefs and practices; (3) sending a message to the children that they do not belong in their own school community because they do not subscribe to the State's preferred religious doctrine; and (4) religiously coercing the children by pressuring them to observe, meditate on, venerate, and follow the State's favored religious text, and to suppress expression of their own religious beliefs and backgrounds at school.

Because Act 573 is likely to violate Conway Plaintiffs' constitutional rights, the remaining *Dataphase* factors are presumed to weigh in Plaintiffs' favor and warrant the issuance of a temporary restraining order. "Loss of First Amendment freedoms, even for minimal periods of time, constitute[s] irreparable injury." *Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 280 (5th Cir. 1996) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). And the balance of the equities and public interest favor Conway Plaintiffs, given the likelihood that their First Amendment rights are being substantially burdened. Plaintiffs are only asking that the existing preliminary injunction be broadened geographically to include another school district; such relief will not disturb the matters currently on interlocutory appeal. Further, pursuant to Rule 62(d), the Court may "modify . . . an

3

injunction" on terms that secure the rights of the parties who oppose the appeal in order to preserve the status quo pending the appeal's resolution.

**IT IS THEREFORE ORDERED** that the Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 90) is **GRANTED** as to the request for a temporary restraining order but **HELD IN ABEYANCE** as to the request for preliminary injunction. By no later than **September 8, 2025**, Defendants and Intervenor may submit briefing to address why the existing preliminary injunction should not be modified to include Defendant Conway School District Number 1.

**IT IS FURTHER ORDERED** that Conway School District Number 1 and its officers, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with it are **TEMPORARILY ENJOINED** from enforcing Act 573. All posters displaying the Ten Commandments in compliance with Act 573 must be **REMOVED** from all classrooms and libraries by no later than **5:00 P.M., tomorrow, August 29, 2025**.

**IT IS SO ORDERED** on this 28th day of August, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE