## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**SAMANTHA STINSON and JONATHAN STINSON,**                    **PLAINTIFFS**
**on behalf of themselves and on behalf of their minor**
**children, A.R.S. and A.W.S.; STEPHEN CALDWELL,**
**on behalf of himself and on behalf of his minor child, W.C.;**
**JOSEPH ARMENDARIZ, on behalf of himself and**
**on behalf of his minor children, M.A. and W.A.;**
**TALARA TAYLOR and SHANE TAYLOR, on behalf of**
**themselves and on behalf of their minor children, K.T. and M.T.;**
**CAROL VELLA, on behalf of herself and on behalf of**
**her minor children, E.M.V. and N.M.V.; DANIEL RIX, on behalf of**
**himself and on behalf of his minor children, A.R., J.R., and W.R.;**
**LEAH BAILEY, on behalf of herself and on behalf of**
**her minor children, C.T. and D.T.; JULEE JAEGER, on behalf of**
**herself and on behalf of her minor child, U.J.; and APRIL**
**CHRISTINE BERRY and KYLE BERRY, on behalf of**
**themselves and on behalf of their minor children, C.B. and K.B.**

**vs.**                              **CASE NO. 5:25-cv-05127-TLB**

**FAYETTEVILLE SCHOOL DISTRICT NO. 1;**
**SPRINGDALE SCHOOL DISTRICT NO. 50;**
**BENTONVILLE SCHOOL DISTRICT NO. 6;**
**SILOAM SPRINGS SCHOOL DISTRICT NO. 21l**
**and CONWAY SCHOOL DISTRICT NO. 1**                    **DEFENDANTS**

## ANSWER TO SUPPLEMENTAL COMPLAINT

Separate Defendants, Fayetteville School District No. 1 ("Fayetteville Schools"), Springdale School District No. 50 ("Springdale Schools"), Bentonville School District No. 6 ("Bentonville Schools"), and Siloam Springs School District No. 21 ("Siloam Springs Schools," and collectively, the "Separate Defendant Districts"), for their Answer to Plaintiffs' Supplemental Complaint, state as follows:

1.     The Separate Defendant Districts lack sufficient information to admit or deny how many students are enrolled in the public elementary and secondary schools across the state, and whether these children and their families adhere to an array of faiths or do not practice any religion

at all and therefore deny the same. The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny any allegations in Paragraph 1 that are inconsistent therewith. The remaining allegations in Paragraph 1 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

2.      Paragraph 2 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

3.      The Separate Defendant Districts affirmatively state that the case cited in Paragraph 3 and Arkansas Act 573 of 2025 speak for themselves, and the Separate Defendant Districts deny any allegations in Paragraph 3 that are inconsistent therewith. The remaining allegations in Paragraph 3 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

4.      Paragraph 4 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

5.      The Separate Defendant Districts affirmatively state that the Arkansas legislator's statement speaks for itself, and the Separate Defendant Districts deny any allegations in Paragraph 5 that are inconsistent therewith. The remaining allegations in Paragraph 5 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

6.      The Separate Defendant Districts deny that Plaintiffs are entitled to the relief requested in Paragraph 6.

## JURISDICTION & VENUE

7.      Paragraph 7 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

8.      Paragraph 8 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

9.      The Separate Defendant Districts admit that they reside in the Western District of Arkansas.  The remaining allegations in Paragraph 9 contain conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

10.     The Separate Defendant Districts are without sufficient information to admit or deny the allegations in Paragraph 10 and therefore deny them.

11.     The Separate Defendant Districts are without sufficient information to admit or deny the allegations in Paragraph 11 and therefore deny them.

12.     The Separate Defendant Districts are without sufficient information to admit or deny the allegations in Paragraph 12 and therefore deny them.

13.     The Separate Defendant Districts are without sufficient information to admit or deny the allegations in Paragraph 13 and therefore deny them.

14.     The Separate Defendant Districts are without sufficient information to admit or deny the allegations in Paragraph 14 and therefore deny them.

15.     The Separate Defendant Districts are without sufficient information to admit or deny the allegations in Paragraph 15 and therefore deny them.

16.     The Separate Defendant Districts are without sufficient information to admit or deny the allegations in Paragraph 16 and therefore deny them.

17.     The Separate Defendant Districts are without sufficient information to admit or deny the allegations in Paragraph 17 and therefore deny them.

18.     The Separate Defendant Districts are without sufficient information to admit or deny the allegations in Paragraph 18 and therefore deny them.

19.     The Separate Defendant Districts admit that Fayetteville Schools is located in Washington County, Arkansas.  The remaining allegations in Paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

20.     The Separate Defendant Districts admit that Springdale Schools is located in Washington County and Benton County, Arkansas.  The remaining allegations in Paragraph 20 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

21.     The Separate Defendant Districts admit that Bentonville Schools is located in Benton County, Arkansas.  The remaining allegations in Paragraph 21 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

22.     The Separate Defendant Districts admit that Siloam Springs Schools is located in Benton County, Arkansas.  The remaining allegations in Paragraph 22 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

23.     The Separate Defendant Districts admit that Conway School District No. 1 is located in Faulkner County, Arkansas.  The remaining allegations in Paragraph 23 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

## FACTUAL ALLEGATIONS

24.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 and the Attorney General Opinion referenced in footnote 3 speak for themselves, and the Separate Defendant Districts deny any allegations in Paragraph 24 that are inconsistent therewith.  The Separate Defendant Districts admit the remaining allegations in Paragraph 24.

25.    The Separate Defendant Districts affirmatively state that Governor Sanders's speech on May 1, 2025, at the Arkansas Observance of the National Day of Prayer speaks for itself, and the Separate Defendant Districts deny any allegations in Paragraph 25 that are inconsistent therewith.

26.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny any allegations in Paragraph 26 that are inconsistent therewith.  The remaining allegations in Paragraph 26 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

27.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny any allegations in Paragraph 27 that are inconsistent therewith.  The remaining allegations in footnote 5 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

28.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny any allegations in Paragraph 28 that are inconsistent therewith.

29.    The allegations in Paragraph 29 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

30.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny any allegations in Paragraph 30 that are inconsistent therewith.

31.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny any allegations in Paragraph 31 that are inconsistent therewith.

32.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny any allegations in Paragraph 32 that are inconsistent therewith.

33.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny any allegations in Paragraph 33 that are inconsistent therewith.

34.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny any allegations in Paragraph 34 that are inconsistent therewith.

35.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny any allegations in Paragraph 35 that are inconsistent therewith.  The remaining allegations in Paragraph 35 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

36.     The allegations in Paragraph 36 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

37.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny any allegations in Paragraph 37 that

are inconsistent therewith.  The remaining allegations in Paragraph 37 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

38.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny any allegations in Paragraph 38 that are inconsistent therewith.  The remaining allegations in Paragraph 38 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

39.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 39 that are inconsistent therewith.  The remaining allegations in Paragraph 39 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

40.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 40 that are inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the remaining allegations in Paragraph 40 and therefore deny them.

41.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 41 that are inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the remaining allegations in Paragraph 38 and therefore deny them.

42.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 42 and therefore deny them.

43.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 43 and therefore deny them.

44.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 44 that are inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the remaining allegations in Paragraph 44 and therefore deny them.

45.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 45 that are inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the remaining allegations in Paragraph 45 and therefore deny them.

46.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 46 and therefore deny them.

47.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 47 that are inconsistent therewith.

48.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 48 that are inconsistent therewith.

49.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 49 that are inconsistent therewith.

50.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 50 that are inconsistent therewith.

51.    The Separate Defendant Districts affirmatively state that Arkansas law speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 51 that are inconsistent therewith.  The remaining allegations in Paragraph 51 contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

52.    The Separate Defendant Districts affirmatively state that Arkansas law speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 52 that are inconsistent therewith.

53.    The Separate Defendant Districts affirmatively state that Arkansas law speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 53 that are inconsistent therewith.

54.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 54 and therefore deny them.

55.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 55 and therefore deny them.

56.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 56 and therefore deny them.

57.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 57 and therefore deny them.

58.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 58 and therefore deny them.

59.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 59 that are inconsistent therewith.

60.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 and Arkansas law speak for themselves, and the Separate Defendant Districts deny the allegations in Paragraph 60 that are inconsistent therewith.  The remaining allegations in Paragraph 60 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

61.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 61 that are inconsistent therewith.

62.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 and the Arkansas representatives' statements speak for themselves, and the Separate Defendant Districts deny the allegations in Paragraph 62 that are inconsistent therewith.  The remaining allegations in Paragraph 62 are legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

63.    The Separate Defendant Districts affirmatively state that the Arkansas representative's statements speak for themselves, and the Separate Defendant Districts deny the allegations in Paragraph 63 that are inconsistent therewith.

64.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 and the Arkansas senator's statements speak for themselves, and the Separate Defendant Districts deny the allegations in Paragraph 64 that are inconsistent therewith.

65.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 and the Arkansas lawmakers' statements speak for themselves, and the Separate Defendant Districts deny the allegations in Paragraph 65 that are inconsistent therewith.

66.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 66 that are inconsistent therewith.  The remaining allegations in Paragraph 66 are legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

67.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 67 that are inconsistent therewith.  The remaining allegations in Paragraph 67 are legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

68.     The Separate Defendant Districts admit Plaintiffs filed this suit on June 11, 2025. The remaining allegations in Paragraph 68 are legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

69.     The Separate Defendant Districts admit the State of Arkansas, *ex rel*. Tim Griffin, Attorney General, filed a motion to intervene on June 17, 2025. The Separate Defendant Districts affirmatively state that the motion to intervene speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 69 that are inconsistent therewith.  The remaining allegations in Paragraph 69 are legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

70.     The Separate Defendant Districts admit this Court entered a preliminary injunction on August 4, 2025. The Separate Defendant Districts affirmatively state that the preliminary injunction speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 70 to the extent inconsistent therewith.  The Separate Defendant Districts further admit that Fayetteville School District No. 1 received a large donation of posters. The remaining allegations

in Paragraph 70 are legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

71.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 71 and therefore deny them.

72.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 72 and therefore deny them.

73.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 73 and therefore deny them.

74.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 74 and therefore deny them.

75.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 75 and therefore deny them.

76.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 76 and therefore deny them.

77.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 77 and therefore deny them.

78.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 78 and therefore deny them.

79.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 79 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the remaining allegations in Paragraph 79 and therefore deny them.

80.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 80 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the remaining allegations in Paragraph 80 and therefore deny them.

81.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 81 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the remaining allegations in Paragraph 81 and therefore deny them.

82.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 82 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the remaining allegations in Paragraph 82 and therefore deny them.

83.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 83 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the remaining allegations in Paragraph 83 and therefore deny them.

84.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 84 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the remaining allegations in Paragraph 84 and therefore deny them.

85.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 85 to the

extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the remaining allegations in Paragraph 85 and therefore deny them.

86.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 86 to the extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the remaining allegations in Paragraph 86 and therefore deny them.

87.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 87 and therefore deny them. The remaining allegations in Paragraph 87 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

88.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 88 and therefore deny them.

89.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 89 to the extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 89 and therefore deny them. The remaining allegations in Paragraph 89 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

90.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 90 and therefore deny them.

91.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 91 to the

extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the remaining allegations in Paragraph 91 and therefore deny them.

92.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 92 to the extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the remaining allegations in Paragraph 92 and therefore deny them.

93.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 93 to the extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the remaining allegations in Paragraph 93 and therefore deny them.

94.     The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 94 and therefore deny them.

95.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 95 to the extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 95 and therefore deny them.

96.     The allegations in Paragraph 96 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

97.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 97 to the extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 97 and therefore deny them. The remaining allegations

in Paragraph 97 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

98.     The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 98 and therefore deny them.

99.     The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 99 and therefore deny them.

100.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 100 to the extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 100 and therefore deny them.

101.     The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 101 and therefore deny them.

102.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 102 to the extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 102 and therefore deny them.

103.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 103 to the extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 103 and therefore deny them.

104.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 104 to the

extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 104 and therefore deny them.

105.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 105 and therefore deny them.

106.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 106 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 106 and therefore deny them.

107.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 107 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 107 and therefore deny them.

108.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 108 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 108 and therefore deny them.  The remaining allegations in Paragraph 108 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

109.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 109 and therefore deny them.

110.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 110 and therefore deny them.

111.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 111 and therefore deny them.

112.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 112 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 112 and therefore deny them.

113.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 113 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 113 and therefore deny them.

114.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 114 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 114 and therefore deny them.

115.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 115 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 115 and therefore deny them.

116.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 116 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 116 and therefore deny them.

117.     The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 117 and therefore deny them.

118.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 118 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 118 and therefore deny them.  The remaining allegations in Paragraph 118 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

119.     The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 119 and therefore deny them.

120.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 120 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 120 and therefore deny them.

121.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 121 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 121 and therefore deny them.

122.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 122 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 122 and therefore deny them.

123. The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 123 to the extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 123 and therefore deny them.

124. The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 124 to the extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 124 and therefore deny them.

125. The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 125 to the extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 125 and therefore deny them.

126. The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 126 to the extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 126 and therefore deny them.

127. The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 127 to the extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 127 and therefore deny them.

128. The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 128 and therefore deny them.

129.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 129 and therefore deny them.

130.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 130 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 130 and therefore deny them.  The remaining allegations in Paragraph 130 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

131.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 131 and therefore deny them.

132.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 132 and therefore deny them.

133.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 133 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 133 and therefore deny them.

134.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 134 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 134 and therefore deny them.

135.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 135 to the

extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 135 and therefore deny them.

136.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 136 and therefore deny them.

137.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 137 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 137 and therefore deny them.

138.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 138 and therefore deny them.  The remaining allegations in Paragraph 138 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

139.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 139 and therefore deny them.

140.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 140 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 140 and therefore deny them.

141.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 141 and therefore deny them.

142.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 142 and therefore deny them.

143.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 143 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 143 and therefore deny them.

144.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 144 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 144 and therefore deny them.

145.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 145 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 145 and therefore deny them.

146.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 146 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 146 and therefore deny them.

147.     The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 147 and therefore deny them.  The remaining allegations in Paragraph 147 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

148.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 148 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to

admit or deny the allegations in Paragraph 148 and therefore deny them. The remaining allegations in Paragraph 148 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

149.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 149 and therefore deny them.

150.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 150 and therefore deny them.

151.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 151 to the extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 151 and therefore deny them.

152.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 152 to the extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 152 and therefore deny them.

153.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 153 to the extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 153 and therefore deny them.

154.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 154 to the extent inconsistent therewith. The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 154 and therefore deny them.

155.     The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 155 and therefore deny them.  The remaining allegations in Paragraph 155 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

156.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 156 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 156 and therefore deny them.  The remaining allegations in Paragraph 156 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

157.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 157 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 157 and therefore deny them.  The remaining allegations in Paragraph 157 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

158.     The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 158 and therefore deny them.

159.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 159 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 159 and therefore deny them.

160.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 160 and therefore deny them.

161.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 161 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 161 and therefore deny them.  The remaining allegations in Paragraph 161 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

162.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 162 and therefore deny them.

163.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 163 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 163 and therefore deny them.  The remaining allegations in Paragraph 163 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

164.    The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 164 and therefore deny them.  The remaining allegations in Paragraph 164 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

165.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 165 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to

admit or deny the allegations in Paragraph 165 and therefore deny them.  The remaining allegations in Paragraph 165 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

166.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 166 to the extent inconsistent therewith.  The Separate Defendant Districts lack sufficient information to admit or deny the allegations in Paragraph 166 and therefore deny them.  The remaining allegations in Paragraph 166 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

## CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF THE ESTABLISHMENT CLAUSE OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

167.    The Separate Defendant Districts incorporate by reference their responses to each of the preceding paragraphs as if fully set forth herein.

168.    The Separate Defendant Districts affirmatively state that the Establishment Clause of the First Amendment to the United States Constitution speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 168 to the extent inconsistent therewith.

169.    The Separate Defendant Districts affirmatively state the Supreme Court case cited in Paragraph 169 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 169 to the extent inconsistent therewith.  The allegations in Paragraph 169 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

170.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 170 to the

27

extent inconsistent therewith.  The allegations in Paragraph 170 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

171.     The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 171 to the extent inconsistent therewith.  The allegations in Paragraph 171 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

172.     The Separate Defendant Districts affirmatively state that Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 172 to the extent inconsistent therewith.   The allegations in Paragraph 172 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

173.     The Separate Defendant Districts affirmatively state that the Supreme Court case cited in Paragraph 173 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 173 to the extent inconsistent therewith.  The allegations in Paragraph 173 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

174.     The allegations in Paragraph 174 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

175.     The allegations in Paragraph 175 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

**COUNT II – VIOLATION OF THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION**

176.     The Separate Defendant Districts incorporate by reference their responses to each of the preceding paragraphs as if fully set forth herein.

177.    The Separate Defendant Districts affirmatively state that the Free Exercise Clause of the First Amendment to the United States Constitution speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 177 to the extent inconsistent therewith.

178.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 178 to the extent inconsistent therewith.

179.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 179 to the extent inconsistent therewith.  The allegations in Paragraph 179 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

180.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 180 to the extent inconsistent therewith.  The allegations in Paragraph 180 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

181.    The Separate Defendant Districts affirmatively state that Arkansas Act 573 of 2025 speaks for itself, and the Separate Defendant Districts deny the allegations in Paragraph 181 to the extent inconsistent therewith.  The allegations in Paragraph 181 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

182.    The Separate Defendant Districts affirmatively state that the Supreme Court case cited in Paragraph 182 and Arkansas Act 573 of 2025 speak for themselves, and the Separate Defendant Districts deny the allegations in Paragraph 182 to the extent inconsistent therewith.  The allegations in Paragraph 182 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

183.    The allegations in Paragraph 183 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

184.    The allegations in Paragraph 184 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

## **REQUEST FOR RELIEF**

A.    The Separate Defendant Districts deny that Plaintiffs are entitled to the relief requested in Paragraph A.

B.    The Separate Defendant Districts deny that Plaintiffs are entitled to the relief requested in Paragraph B.

C.    The Separate Defendant Districts deny that Plaintiffs are entitled to the relief requested in Paragraph C.

D.    The Separate Defendant Districts deny that Plaintiffs are entitled to the relief requested in Paragraph D.

E.    The Separate Defendant Districts deny that Plaintiffs are entitled to the relief requested in Paragraph E.

F.    The Separate Defendant Districts deny that Plaintiffs are entitled to any relief whatsoever.

185.    The Separate Defendant Districts deny each and every material allegation not specifically admitted herein.

186.    The Separate Defendant Districts demand a trial by jury on all claims so triable.

## **AFFIRMATIVE DEFENSES**

The Separate Defendant Districts assert the following affirmative and additional defenses without in any way conceding that Plaintiffs do not have to prove each and every element of their

claims, and without assuming any burden the Separate Defendant Districts would not otherwise bear. The Separate Defendant Districts reserve the right to assert additional defenses and/or affirmative defenses as may be appropriate.

1.      The Separate Defendant Districts affirmatively plead that they are nominal defendants in this action and the alleged controversy in the case is between Plaintiffs and the State of Arkansas, who has intervened in this matter.

2.      The Separate Defendant Districts respectfully reserve the right to supplement their Answer and Affirmative Defenses to assert other lawful defenses applicable to this action. The Separate Defendant Districts reserve the right to plead further and reserve objections on the basis of lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient service of process, failure to state a claim upon which relief can be granted, and failure to join a party under Rule 19, and the affirmative defenses, including, but not limited to, failure to mitigate, comparative fault, lack of causation, fault of third party, collateral estoppel, intervening cause, accord and satisfaction, arbitration and award, exclusiveness of remedy under workers' compensation law, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense if discovery supports those defenses.

Respectfully submitted,

Marshall S. Ney, Ark. Bar No. 91108
Katherine C. Campbell, Ark. Bar No. 2013241
Sarah P. Smith, Ark. Bar No. 2022189
FRIDAY, ELDREDGE & CLARK, LLP
3350 S. Pinnacle Hills Parkway, Suite 301
Rogers, AR 72758
Office: (479) 695-6040
Facsimile: (501) 244-5389
mney@fridayfirm.com
kcampbell@fridayfirm.com
ssmith@fridayfirm.com