IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**SAMANTHA STINSON**, *et al.*                                                                        **PLAINTIFFS**

**V.**                                    **CASE NO. 5:25-CV-5127**

**FAYETTEVILLE SCHOOL DISTRICT NO. 1,** *et al*.                          **DEFENDANTS**

**AND**

**STATE OF ARKANSAS** *ex rel.* **TIM GRIFFIN,**
**ATTORNEY GENERAL**                                                                            **INTERVENOR**

### ORDER CONVERTING TEMPORARY RESTRAINING ORDER TO PRELIMINARY INJUNCTION

On August 27, 2025, the Court granted Plaintiffs' request for leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d). *See* Doc. 86. Plaintiffs filed their Supplemental Complaint (Doc. 87) on August 28, adding Julee Jaeger, April Christine Berry, Kyle Berry, and their minor children as plaintiffs and Conway School District Number 1 as a defendant to this action. The Court explained:

> The purpose of permitting the supplemental complaint in this case is not to cure any deficiencies in the original complaint, but rather to add parties that are identically situated to the original Plaintiffs—except that they claim they suffered constitutional injury after the original complaint was filed because the preliminary injunction did not include their school district.

(Doc. 86, p. 6).

Also on August 28, Plaintiffs filed a Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 90), seeking to enjoin Conway School District Number 1 from complying with Arkansas Act 573. The Court issued a Temporary Restraining Order but held in abeyance Plaintiffs' request for a preliminary injunction. *See* Doc. 93. All

1

Defendants and Intervenor the State of Arkansas were afforded the opportunity to submit briefing to address "why the existing preliminary injunction should not be modified to include Defendant Conway School District Number 1." *Id.*

Defendant School Districts filed notices, rather than substantive briefing. Separate Defendants Fayetteville School District Number 1, Springdale School District Number 50, Bentonville School District Number 6, and Siloam Springs School District Number 21 advised the Court that they did not desire to file a substantive response to the preliminary injunction request. *See* Doc. 104. Separate Defendant Conway School District Number 1 also filed a notice stating that Conway adopted and incorporated by reference all arguments made: (1) by the other School Districts in their Motion to Dismiss (Doc. 49) and Response to Preliminary Injunction (Doc. 51); and (2) by the State in its Motion to Dismiss (Doc. 52) and Response to Preliminary Injunction (Doc. 58).[1] As for the State of

---

[1] Conway's adoption of the other School Districts' Motion to Dismiss is nonsensical. The Fayetteville, Springdale, Bentonville, and Siloam Springs School Districts had argued at the beginning of this lawsuit that Plaintiffs' claims should be dismissed as premature, as no Ten Commandments posters had yet been donated, so the likelihood that any posters would be hung in classrooms and libraries was speculative and not likely to cause constitutional injury. The Districts were forced to concede their position had changed on August 1, 2025, when Fayetteville received hundreds of donated Ten Commandments posters. *See* Doc. 71, p. 17. The Court rejected the Districts' arguments on standing and ripeness in a thorough discussion. *See id.* at pp. 15–21. The State made the same arguments in its Motion to Dismiss—but added the claim that posters were merely "passive" displays that, even if donated and displayed on the walls, invited no student participation and, thus, resulted in no constitutional injury. The Court rejected the State's argument, too, as it was directly contrary to established Supreme Court precedent. *See id.* at pp. 21–24.

Conway School District has adopted all of the above arguments even though they are moot as to Conway Plaintiffs. The Supplemental Complaint includes photographic evidence of Ten Commandments displays actually posted in Conway public school classrooms, *see* Doc. 87, pp. 18–19; and Conway Plaintiffs explained the nature of the

2

Arkansas, it urges the Court to reconsider its prior issuance of the Preliminary Injunction. *See* Doc. 107. As the State offers neither new facts nor new law to support its request for reconsideration, it is **DENIED**. The State also renews its request to narrow the preliminary injunction to the specific classrooms currently occupied by Conway child-Plaintiffs. The Court rejects this request for a "bubble injunction" as infeasible, unworkable, and likely to cause further injury to Conway Plaintiffs' religious rights. *See* Doc. 71, pp. 33–34 & n.16; Doc. 109-1.

**IT IS THEREFORE ORDERED** that the portion of Plaintiffs' Motion for Preliminary Injunction (Doc. 90) that was held in abeyance is **GRANTED** insofar as the Temporary Restraining Order (Doc. 93) previously issued as to Separate Defendant Conway School District Number 1 and its officers, agents, affiliates, subsidiaries, servants, employees, and successors is hereby **CONVERTED** to a Preliminary Injunction, which shall remain in effect until this matter is decided on the merits.

**IT IS SO ORDERED** on this 10th day of September, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

constitutional injuries they actually suffered by forced interaction with these displays, *see* Docs. 90-1, 90-2, 90-3. Even the State conceded that its ripeness arguments did not apply to Conway Plaintiffs. *See* Doc. 107, p. 6 n.2. Accordingly, to the extent Conway School District Number 1 moves to dismiss due to lack of ripeness and standing, the motion is **DENIED**. To the extent Conway reasserts the State's arguments that poster displays of the Ten Commandments, as mandated by Act 573, cannot cause constitutional injury because they are merely "passive," those arguments are rejected for the reasons stated in the Court's prior Order (Doc. 71).

**Conway School District Number 1's answer is due by September 24, 2025.**