# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS

---

SAMANTHA STINSON and JONATHAN STINSON, on behalf of themselves and on behalf of their minor children, A.R.S. and A.W.S.; STEPHEN CALDWELL, on behalf of himself and on behalf of his minor child, W.C.; JOSEPH ARMENDARIZ, on behalf of himself and on behalf his minor children, M.A. and W.A.; TALARA TAYLOR and SHANE TAYLOR, on behalf of themselves and on behalf of their minor children, K.T. and M.T.; CAROL VELLA, on behalf of herself and on behalf of her minor children, E.M.V. and N.M.V.; DANIEL RIX, on behalf of himself and on behalf of his minor children, A.R., J.R., and W.R.; and LEAH BAILEY, on behalf of herself and on behalf her minor children, C.T. and D.T.,

        *Plaintiffs,*

V.

FAYETTEVILLE SCHOOL DISTRICT NO. 1; SPRINGDALE SCHOOL DISTRICT NO. 50; BENTONVILLE SCHOOL DISTRICT NO. 6; AND SILOAM SPRINGS SCHOOL DISTRICT NO. 21,

        *Defendants.*

    *        *        *

STATE OF ARKANSAS, *ex rel.* TIM GRIFFIN, ATTORNEY GENERAL,

        *Intervenor.*

CIVIL ACTION NO. 5:25-CV-05127

---

# STATE OF ARKANSAS'S ANSWER
# TO PLAINTIFFS' SUPPLEMENTAL COMPLAINT

Intervenor, the State of Arkansas, for its answer to Plaintiffs' supplemental complaint, states:[1]

1.    Intervenor is without knowledge or information sufficient to form a belief about the number of elementary and secondary students are in Arkansas or the number of public elementary and secondary schools across the State.  Intervenor is also without knowledge or information sufficient to form a belief about these students' and their families' religious beliefs and practices, or lack thereof. Paragraph 1 also contains legal conclusions to which Intervenor is not required to respond. To the extent it must respond, it denies the legal conclusions and denies the remainder of the allegations in paragraph 1.

2.    Paragraph 2 contains legal conclusions to which Intervenor is not required to respond.  The case cited in the paragraph speaks for itself. To the extent a response is necessary, Intervenor denies the allegations in paragraph 2.

3.    Paragraph 3 contains legal conclusions to which Intervenor is not required to respond.  The case cited in the paragraph speaks for itself. Intervenor denies the remainder of the allegations in paragraph 3.

4.    Paragraph 4 contains legal conclusions to which Intervenor is not required to respond.  To the extent Intervenor is required to respond, it denies the allegations in paragraph 4.

---

[1] Under Federal Rule of Civil Procedure 5.1, Intervenor is not required to file an answer. Intervenor files this answer out of an abundance of caution, not as an admission that it is required to file such an answer.

5.      Paragraph 5 contains legal conclusions to which Intervenor is not required to respond.  To the extent Intervenor is required to respond, Intervenor is without knowledge or information sufficient to form a belief regarding the quotation's accuracy and therefore denies the same.  Intervenor denies the remainder of the allegations in paragraph 5.

6.      Intervenor admits that Plaintiffs seek a declaratory judgment and permanent injunctive relief. It denies the remainder of the allegations in paragraph 6.

## JURISDICTION & VENUE[2]

7.      Paragraph 7 contains legal conclusions to which Intervenor is not required to respond. To the extent a response is necessary, Intervenor denies the allegations in paragraph 7.

8.      Paragraph 8 contains legal conclusions to which Intervenor is not required to respond. To the extent a response is necessary, Intervenor denies the allegations in paragraph 8.

9.      Paragraph 9 contains legal conclusions to which Intervenor is not required to respond. To the extent Intervenor is required to respond, it admits the Defendants are in Arkansas.

10.     Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 10.

---

[2] Intervenor uses the section headings in the supplemental complaint only for the reader's ease. To the extent it is required, they deny all allegations, explicit and implied, from every heading in the supplemental complaint.

2

11.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 11.

12.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 12.

13.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 13.

14.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 14.

15.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 15.

16.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 16.

17.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 17.

18.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 18.

19.    Intervenor admits that Fayetteville School District No. 1 is located in Washington County, Arkansas. The remaining allegations in paragraph 19 contain legal conclusions to which Intervenor is not required to respond. To the extent a response is necessary, the allegations are denied.

20.    Intervenor admits that Springdale School District No. 50 is located in Washington County, Arkansas. The remaining allegations in paragraph 20 contain

legal conclusions to which Intervenor is not required to respond. To the extent a response is necessary, the allegations are denied.

21.    Intervenor admits that Bentonville School District No. 6 is located in Benton County, Arkansas. The remaining allegations in paragraph 21 contain legal conclusions to which Intervenor is not required to respond. To the extent a response is necessary, the allegations are denied.

22.    Intervenor admits that Siloam Springs School District No. 21 is located in Benton County, Arkansas. The remaining allegations in paragraph 22 contain legal conclusions to which Intervenor is not required to respond. To the extent a response is necessary, the allegations are denied.

23.    Intervenor admits that Conway School District No. 1 is located in Faulkner County, Arkansas. The remaining allegations in paragraph 23 contain legal conclusions to which Intervenor is not required to respond. To the extent a response is necessary, the allegations are denied.

## **FACTUAL ALLEGATIONS**

24.    Paragraph 24 contains legal conclusions to which Intervenor is not required to respond.  To the extent it must respond, it admits that the Governor signed Act 573 of 2025 on April 21, 2025, and that Act 573's effective date was August 5, 2025.  It denies the remainder of the allegations, including the characterizations of Act 573 that are inconsistent with the law.

25.    Regarding the quotations in paragraph 25, Intervenor is without knowledge or information sufficient to form a belief regarding their accuracy and therefore denies the same.

26.    Paragraph 26 contains legal conclusions to which Intervenor is not required to respond.  To the extent a response is necessary, Intervenor denies the allegations, including Paragraph 26's and footnote 4's legal characterizations to the extent they are inconsistent with the law.

27.    Paragraph 27 contains legal conclusions to which Intervenor is not required to respond. To the extent a response is necessary, Intervenor denies the allegations, including Paragraph 27's and footnote 5's legal characterizations to the extent they are inconsistent with the law.

28.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Paragraph 28 contain legal conclusions to which Intervenor is not required to respond. To the extent a response is necessary, Intervenor denies the allegations.

29.    Paragraph 29 contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, Intervenor denies the allegations.

30.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations in paragraph 30 inconsistent therewith.

31.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations in paragraph 31 inconsistent therewith.

32.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations in paragraph 32 inconsistent therewith.

33.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations in paragraph 33 inconsistent therewith.

34.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations in paragraph 34 inconsistent therewith.

35.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. The remaining allegations in paragraph 35 contain legal conclusions to which Intervenor is not required to respond. To the extent a response is required, Intervenor denies the allegations.

36.    Paragraph 36 contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, Intervenor denies the allegations.

37.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 37. Intervenor denies the allegations in paragraph 37.

38.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 38.

39.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 39. Paragraph 39 contains legal conclusions to which Intervenor is not

required to respond. To the extent a response is necessary, Intervenor denies the allegations. Intervenor also denies the factual allegations in paragraph 39.

40.    Intervenor is without knowledge or information sufficient to form a belief about "subscri[ption]" to the Ten Commandments.  It denies the remainder of the allegations in Paragraph 40.

41.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the remainder of allegations in paragraph 41 and therefore denies same.

42.    Intervenor is without knowledge or information sufficient to form a belief about the remainder of allegations in paragraph 42 and therefore denies same.

43.    Intervenor is without knowledge or information sufficient to form a belief about the remainder of allegations in paragraph 43 and therefore denies same.

44.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the remainder of allegations in paragraph 44 and therefore denies same.

45.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the remainder of allegations in paragraph 45 and therefore denies same.

46.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraphs 46 and therefore denies same.

47.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 47.

48.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 48 and therefore denies same.

49.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 49 and therefore denies same.

50.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 50 and therefore denies same.

51.    Intervenor affirmatively states that Arkansas law speaks for itself and denies any allegations inconsistent therewith. The remainder of the allegations in paragraph 51 contain legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

52.    Intervenor affirmatively states that Arkansas law speaks for itself and denies any allegations inconsistent therewith. The remainder of the allegations in paragraph 52 contain legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

53.    Intervenor affirmatively states that Arkansas law speaks for itself and denies any allegations inconsistent therewith. The remainder of the allegations in paragraph 53 contain legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

54.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 54 and therefore denies same.

55.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 55 and therefore denies same.

56.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 56 and therefore denies same.

57.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 57 and therefore denies same.

58.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 58 and therefore denies same.

59.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 59.

60.    Intervenor affirmatively states that Arkansas law speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 60 and therefore denies same.

61.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations in paragraph 61 inconsistent therewith.

62.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Regarding the quotations in paragraph 62, Intervenor is without knowledge or information sufficient to form a belief regarding their accuracy and therefore denies the same. Intervenor denies any remaining allegations in paragraph 62.

63.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Regarding the quotations in paragraph 63, Intervenor is without knowledge or information sufficient to form a belief regarding their accuracy and therefore denies the same. Intervenor denies any remaining allegations in paragraph 63.

64.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Regarding the quotations in paragraph 64, Intervenor is without knowledge or information sufficient to form a belief regarding their accuracy and therefore denies the same. Intervenor denies any remaining allegations in paragraph 64.

65.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Regarding the quotations in paragraph 65, Intervenor is without knowledge or information sufficient to form a belief regarding their accuracy and therefore denies the same. Intervenor denies any remaining allegations in paragraph 65.

66.     Intervenor denies the allegations in paragraph 66.

67.     Intervenor denies the allegations in paragraph 67.

68.     Intervenor admits the allegations in paragraph 68.

69.     Intervenor admits the allegations in paragraph 69.

70.     Intervenor admits the Court entered a preliminary injunction on August 4, 2025. Intervenor affirmatively states that the Court's order, which is cited in paragraph 70, speaks for itself and denies any allegations regarding the Court's order that are inconsistent with the Court's order. Intervenor additionally states that Paragraph 70 contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

71.     Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 71 and therefore denies same.

72.     Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 72 and therefore denies same.

73.     Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 73 and therefore denies same.

74.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 74 and therefore denies same.

75.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 75 and therefore denies same.

76.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 76 and therefore denies same.

77.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 77 and therefore denies same.

78.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 78 and therefore denies same.

79.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 79 and therefore denies same.

80.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 80 and therefore denies same.

81.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 81 and therefore denies same.

82.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 82 and therefore denies same.

83.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 83 and therefore denies same.

84.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 84.

85.     Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 85 and therefore denies same.

86.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 86.

87.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 87.

88.     Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 88 and therefore denies same.

89.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 89.

90.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraphs 90 and therefore denies same.

91.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 91 and therefore denies same.

92.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 92 and therefore denies same.

93.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 93 and therefore denies same.

94.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 94 and therefore denies same.

95.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 95.

96.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 96.

97.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 97 and therefore denies same.

98.     Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 98 and therefore denies same.

99.     Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 99 and therefore denies same.

100.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 100 and therefore denies same.

101.     Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 101 and therefore denies same.

102.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 102 and therefore denies same.

103.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 103 and therefore denies same.

104.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 104 and therefore denies same.

105.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 105 and therefore denies same.

106.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 106.

107.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 107.

108.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 108.

109.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 109.

110.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 110 and therefore denies same.

111.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 111 and therefore denies same.

112.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 112 and therefore denies same.

113.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 113 and therefore denies same.

114.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 114 and therefore denies same.

115.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 115.

116.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 116.

117.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 117 and therefore denies same.

118.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 118.

119.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 119 and therefore denies same.

120.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 120 and therefore denies same.

121.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or

information sufficient to form a belief about the allegations in paragraph 121 and therefore denies same.

122.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 122 and therefore denies same.

123.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 123 and therefore denies same.

124.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 124 and therefore denies same.

125.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 125.

126.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 126.

127.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 127.

128.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 128 and therefore denies same.

129.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 129.

130.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 130.

131.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 131 and therefore denies same.

132.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 132 and therefore denies same.

133.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 133 and therefore denies same.

134.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 134 and therefore denies same.

135.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 135 and therefore denies same.

136.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 136 and therefore denies same.

137.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 137.

138.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 138.

139.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 139 and therefore denies same.

140.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 140.

141.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 141 and therefore denies same.

142.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 142 and therefore denies same.

143.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 143 and therefore denies same.

144.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 144 and therefore denies same.

145.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 145 and therefore denies same.

146.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 146.

147.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 147.

148.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about Ms. Bailey's beliefs and therefore denies same. Intervenor denies the remaining allegations in paragraph 148.

149.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 149 and therefore denies same.

150.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 150 and therefore denies same.

151.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 151 and therefore denies same.

152.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 152.

153.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 153.

154.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 154.

155.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 155.

156.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 156 and therefore denies same.

157.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 157.

158.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 158 and therefore denies same.

159.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 159 and therefore denies same.

160.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 160 and therefore denies same.

161.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 161.

162.    Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 162 and therefore denies same.

163.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor is without knowledge or information sufficient to form a belief about the allegations in paragraph 163 and therefore denies same.

164.    Intervenor denies the allegations in paragraph 164.

165.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 165.

166.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 166.

## CLAIMS FOR RELIEF

## COUNT I

167.    Intervenor incorporates by reference its responses to each of the preceding paragraphs as if fully set forth herein.

168.    Intervenor affirmatively states that the Establishment Clause of the First Amendment to the United States Constitution speaks for itself and denies any allegations in paragraph 168 inconsistent therewith.

169.    Intervenor affirmatively states that the Supreme Court case cited in paragraph 169 speaks for itself, and Intervenor denies any allegations inconsistent therewith. The remainder of paragraph 169 contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

170.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 170. Paragraph 170 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

171.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 171. Paragraph 171 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

172.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 172. Paragraph 172 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

173.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 173. Paragraph 173 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

174.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 174. Paragraph 174 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

175.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 175. Paragraph 175 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

## COUNT II

176.    Intervenor incorporates by reference its responses to each of the preceding paragraphs as if fully set forth herein.

177.    Intervenor affirmatively states that the Free Exercise Clause of the First Amendment to the United States Constitution speaks for itself and denies any allegations in paragraph 177 inconsistent therewith.

178.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 178. Paragraph 178 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

179.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 179. Paragraph 179 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

180.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 180. Paragraph 180 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

181.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 181. Paragraph 181 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

182.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 182. Paragraph 182 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

183.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 183. Paragraph 183 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

184.    Intervenor affirmatively states that Act 573 of 2025 speaks for itself and denies any allegations inconsistent therewith. Intervenor denies the allegations in paragraph 184. Paragraph 184 also contains legal conclusions to which Intervenor is not required to respond. To the extent a response is required, the allegations are denied.

## **<u>REQUEST FOR RELIEF</u>**

185.   Intervenor denies that Plaintiffs are entitled to the relief requested in paragraph A of the "REQUEST FOR RELIEF" section of their supplemental complaint.

186.   Intervenor denies that Plaintiffs are entitled to the relief requested in paragraph B of the "REQUEST FOR RELIEF" section of their supplemental complaint.

187.   Intervenor denies that Plaintiffs are entitled to the relief requested in paragraph C of the "REQUEST FOR RELIEF" section of their supplemental complaint.

188.   Intervenor denies that Plaintiffs are entitled to the relief requested in paragraph D of the "REQUEST FOR RELIEF" section of their supplemental complaint.

189.   Intervenor denies that Plaintiffs are entitled to the relief requested in paragraph E of the "REQUEST FOR RELIEF" section of their supplemental complaint.

190.   Intervenor denies that Plaintiffs are entitled to the relief requested in paragraph F of the 'REQUEST FOR RELIEF" section of their supplemental complaint

191.   Intervenor denies each and every material allegation not specifically admitted herein.

## Affirmative Defenses

192.    Pleading affirmatively, Plaintiffs have not plausibly alleged sufficient facts to demonstrate that Act 573 of 2025 violates their constitutional rights. As a result, this lawsuit should be dismissed.

193.    Intervenor reserves the right to file any other appropriate pleading to allege any additional defenses available to it.

## Jury Demand

194.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Intervenor gives notice of its jury demand for all claims so triable.

WHEREFORE, the State of Arkansas respectfully requests that the Court dismiss Plaintiffs' supplemental complaint and further requests any and all just and proper relief to which it may be entitled.

Respectfully submitted,

TIM GRIFFIN
Attorney General


By:    Laura Purvis
Ark. Bar No. 2023239
Assistant Attorney General

Arkansas Attorney General's Office
101 West Capitol Avenue
Little Rock, AR 72201
(501) 320-3085
(501) 682-2591 fax
laura.purvis@arkansasag.gov

*Counsel for State of Arkansas, ex rel.*
*Tim Griffin, Attorney General*

31