IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**SAMANTHA STINSON,** *et al.*                                                    **PLAINTIFFS**

**V.**                                **CASE NO. 5:25-CV-5127**

**FAYETTEVILLE SCHOOL DISTRICT NO. 1,** *et al.*                  **DEFENDANTS**

**AND**

**STATE OF ARKANSAS** *ex rel.* **TIM GRIFFIN,**
**ATTORNEY GENERAL**                                              **INTERVENOR**

<u>**ORDER**</u>

Before the Court is Intervenor the State of Arkansas's Motion to Stay Proceedings Pending Appeal (Doc. 115) and Brief in Support (Doc. 116). A decision to stay proceedings lies within the broad discretion of the district court. *See Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). The State's arguments in favor of a stay pending the resolution of the interlocutory appeal were anticipated—and rejected—by this Court before entry of the Phase One Case Management Order (Doc. 101). Indeed, in a written Order issued on August 27, 2025, the Court offered its legal justification as to why this case should proceed to a final resolution on the merits while the appeal is pending. *See* Doc. 86, p. 4 & n.1. The Eighth Circuit "encourage[s]" district courts to exert "additional effort" to issue merits decisions while preliminary injunction appeals are pending—especially where, as here, "most of the evidence on both sides ha[s] already been put in" and judicial resources will likely be conserved if the appellate court is only required to consider "one appeal instead of two." *W. Pub. Co. v. Mead Data*

*Cent., Inc.*, 799 F.2d 1219, 1229–30 (8th Cir. 1986). The Motion to Stay is therefore **DENIED**.

In the alternative, the State moves for a thirty-day extension of all upcoming deadlines, citing two of its lawyers' personal obligations and heavy workload. *See* Doc. 114. These excuses do not constitute good cause to stay the Court's deadlines. The deadlines are perfectly reasonable, and the Attorney General's Office is not short of staff to litigate this case. The Motion to Extend Deadlines is **DENIED**.

**IT IS SO ORDERED** on this 2nd day of October, 2025.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE

2