UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| SAMANTHA STINSON and JONATHAN STINSON, on behalf of themselves and on behalf of their minor children, A.R.S. and A.W.S.; STEPHEN CALDWELL, on behalf of himself and on behalf of his minor child, W.C.; JOSEPH ARMENDARIZ, on behalf of himself and on behalf his minor children, M.A. and W.A.; TALARA TAYLOR and SHANE TAYLOR, on behalf of themselves and on behalf of their minor children, K.T. and M.T.; CAROL VELLA, on behalf of herself and on behalf of her minor children, E.M.V. and N.M.V.; DANIEL RIX, on behalf of himself and on behalf of his minor children, A.R., J.R., and W.R.; LEAH BAILEY, on behalf of herself and on behalf her minor children, C.T. and D.T.; JULEE JAEGER, on behalf of herself and on behalf of her minor child, U.J.; and APRIL CHRISTINE BERRY and KYLE BERRY, on behalf of themselves and on behalf of their minor children, C.B. and K.B., | |
| Plaintiffs, | CIVIL ACTION NO. 5:25-cv-05127-TLB |
| v. | |
| FAYETTEVILLE SCHOOL DISTRICT NO. 1; SPRINGDALE SCHOOL DISTRICT NO. 50; BENTONVILLE SCHOOL DISTRICT NO. 6; SILOAM SPRINGS SCHOOL DISTRICT NO. 21; and CONWAY SCHOOL DISTRICT NO. 1, | |
| Defendants, | |
| and | |
| STATE OF ARKANSAS, *ex rel.* TIM GRIFFIN, ATTORNEY GENERAL, | |
| Intervenor. | |

**PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT**

1

On August 4, 2025, the court issued an order preliminarily enjoining the original four Defendant school districts from posting Act 573 displays of the Ten Commandments. ECF No. 71. In its order permitting Plaintiffs to supplement the complaint to add the Conway School District as a defendant, the Court stated that it "assumed that the State would advise the other 233 school districts of the Court's ruling and caution them to refrain from displaying Ten Commandments posters they received until a dispositive ruling was entered or these matters were resolved on appeal." ECF No. 86 at 2–3. Once again, the State has declined to do so, necessitating this motion. This Court made clear in its order of August 4, 2025, that schools violate the First Amendment by complying with Act 573. ECF No. 71 at 4. The Court reiterated that point in its order of August 28, 2025, by granting a Temporary Restraining Order against separate defendant Conway School District No. 1 and requiring the district to take down the Ten Commandments displays posted in its classrooms and libraries. ECF No. 93. The Court then converted its Temporary Restraining Order into a Preliminary Injunction on September 10, 2025. ECF No. 111. Despite the Court's orders, some school districts have pressed forward with imposing the Ten Commandments on students through classroom displays. Plaintiffs thus seek to supplement their complaint to add another of these school districts to the lawsuit.

In support of this Motion, Plaintiffs state as follows:

1. Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

2. Several federal courts, including this Court, have held that "a supplemental pleading may seek to bring in additional parties, plaintiff or defendant, when the subsequent events

alleged in the new pleading make it necessary to join them." *See* ECF No. 86 at 5; *see also* 6A Wright & Miller's Federal Practice and Procedure § 1507 (3d ed. 2025). Indeed, in a previous order in this case, this Court found that "it is appropriate for the Court to grant Plaintiffs leave to file a supplemental complaint under Rule 15(d) to add parties who allege facts that transpired after those asserted in the original Complaint." ECF No. 86 at 6.

3.  Here, subsequent events have occurred that make it necessary to add Proposed Plaintiffs Christine Benson and her minor child, B.B, and another Proposed Defendant, Lakeside School District No. 9, to this action. Justice requires supplementing the complaint to add these parties in order to protect the constitutional rights of the Proposed Plaintiffs in the same way the Court's August 4 and September 10, 2025, Orders protect the constitutional rights of the other Plaintiffs vis-à-vis their school districts.

4.  On August 4, 2025, this Court issued an Order denying Defendants' Motions to Dismiss and granting Plaintiffs' Motion for Preliminary Injunction. *See* ECF No. 71. In relevant part, the Court's Order enjoined Defendants Fayetteville School District No. 1, Springdale School District No. 50, Bentonville School District No. 6, and Siloam Springs School Dist. No. 21 "from complying with Act 573 of 2025 by displaying the Ten Commandments in public elementary- and secondary-school classrooms and libraries" in their districts. *Id.* at 35.

5.  On August 5, 2025, counsel for Plaintiffs sent a letter to superintendents of all school districts except the original Defendants. The letter, which is attached hereto, made the superintendents aware of the Court's August 4 ruling and urged them to respect their students' constitutional rights by not hanging any donated Ten Commandments posters they receive.

6.  Nevertheless, several school districts hung Ten Commandments posters in classrooms throughout their districts. In response, on August 22, 2025, counsel for Plaintiffs filed

a Motion for Leave to Amend Complaint to add Conway School District No. 1 as a defendant. ECF No. 79. The Court granted Plaintiffs' Motion on August 27, 2025, and directed Plaintiffs to submit their proposed pleading as a supplemental complaint. ECF No. 86. On August 28, 2025, this Court issued a Temporary Restraining Order temporarily enjoining Conway School District No. 1 from enforcing Act 573 and requiring it to remove posters displaying the Ten Commandments from all classrooms and libraries by 5:00 p.m. on August 29, 2025. ECF No. 93. On September 10, 2025, the Court entered an order converting the Temporary Restraining Order to a Preliminary Injunction. ECF No. 111.

7. On August 29, 2025, counsel for Plaintiffs sent a second letter to superintendents of all school districts except the Defendants. The letter, which is attached hereto, made the superintendents aware of the Court's August 28 ruling and again urged them to respect their students' constitutional rights by not hanging any donated Ten Commandments posters or, if they had already hung donated posters, taking them down immediately.

8. Proposed Plaintiff Christine Benson resides in Garland County, Arkansas, and her minor child is enrolled in and attending a public school in Lakeside School District No. 9 for the 2025-2026 school year.

9. On September 25, 2025, school officials hung copies of the Ten Commandments in all of Ms. Benson's child's classrooms.

10. Ten Commandments posters are currently hanging in all of B.B.'s classrooms in Lakeside School District No. 9.

11. As set forth in the proposed Second Supplemental Complaint, Proposed Plaintiffs' First Amendment rights are already being violated by Proposed Defendant Lakeside School

District No. 9. Absent supplementation, Proposed Defendant Lakeside School District No. 9 will continue to violate Proposed Plaintiffs' rights.

12.     Upon the granting of this motion, Plaintiffs will file the proposed Second Supplemental Complaint, which is attached hereto as required by Local Rule 5.5(e). Plaintiffs have attached both a redlined and clean copy of the proposed Second Supplemental Complaint so as to better illustrate the changes that will be made.

13.     Immediately upon filing the Second Supplemental Complaint, Plaintiffs will file a motion for temporary relief against Lakeside School District No. 9.

WHEREFORE, for the foregoing reasons, the Court should grant Plaintiffs leave to supplement their Complaint under Federal Rule of Civil Procedure 15(d).

Date: October 14, 2025

Respectfully submitted,

By: */s/ John C. Williams*
ARKANSAS CIVIL LIBERTIES UNION FOUNDATION, INC.
John C. Williams (ABN 2013233)
Shelby H. Shroff (ABN 2019234)
904 W. 2nd St.
Little Rock, AR 72201
(501) 374-2842
*john@acluarkansas.org*
*shelby@acluarkansas.org*

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood
Janet A. Gochman*
Noah Gimbel*
Jordan T. Krieger*
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
*jyoungwood@stblaw.com*
*jgochman@stblaw.com*
*noah.gimbel@stblaw.com*
*jordan.krieger@stblaw.com*

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Daniel Mach*
Heather L. Weaver*
915 15th Street, NW, Suite 600
Washington, DC 20005
(202) 675-2330
*dmach@aclu.org*
*hweaver@aclu.org*

AMERICANS UNITED FOR
SEPARATION OF CHURCH & STATE
Alex J. Luchenitser*
Amy Tai* ×
Jess Zalph*
1310 L Street NW, Suite 200
Washington, DC 20005
(202) 466-7306
*luchenitser@au.org*
*tai@au.org*
*zalph@au.org*

FREEDOM FROM RELIGION
FOUNDATION
Patrick C. Elliott*
Samuel T. Grover*
Nancy A. Noet*
PO Box 750
Madison, WI 53701
(608) 256-8900
*patrick@ffrf.org*
*sgrover@ffrf.org*
*noetn@ffrf.org*

\*  *Pro Hac Vice*

× Admitted to practice in New York; not a
  member of the D.C. bar

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2025, I filed the foregoing on the CM/ECF system, which completed service upon counsel for Defendants and the State of Arkansas.

By: /s/ *John C. Williams*
John C. Williams

1