IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| SAMANTHA STINSON and JONATHAN STINSON, on behalf of themselves and on behalf of their minor children, A.R.S. and A.W.S.; STEPHEN CALDWELL, on behalf of himself and on behalf of his minor child, W.C.; JOSEPH ARMENDARIZ, on behalf of himself and on behalf of his minor children, M.A. and W.A.; TALARA TAYLOR and SHANE TAYLOR, on behalf of themselves and on behalf of their minor children, K.T. and M.T.; CAROL VELLA, on behalf of herself and on behalf of her minor children, E.M.V. and N.M.V.; DANIEL RIX, on behalf of himself and on behalf of his minor children, A.R., J.R., and W.R.; LEAH BAILEY, on behalf of herself and on behalf of her minor children, C.T. and D.T.; JULEE JAEGER, on behalf of herself and on behalf of her minor child, U.J.; and APRIL CHRISTINE BERRY and KYLE BERRY, on behalf of themselves and on behalf of their minor children, C.B. and K.B. | **PLAINTIFFS** |
| V.           CASE NO. 5:25-CV-5127 | |
| FAYETTEVILLE SCHOOL DISTRICT NO. 1; SPRINGDALE SCHOOL DISTRICT NO. 50; BENTONVILLE SCHOOL DISTRICT NO. 6; SILOAM SPRINGS SCHOOL DISTRICT NO. 21; and CONWAY SCHOOL DISTRICT NO. 1 | **DEFENDANTS** |
| AND | |
| STATE OF ARKANSAS *ex rel.* TIM GRIFFIN, ATTORNEY GENERAL | **INTERVENOR** |

## ORDER

Before the Court is Plaintiffs' Motion for Leave to Supplement the Complaint (Doc. 123) under Federal Rule of Civil Procedure 15(d). The State of Arkansas filed a Response

1

in Opposition (Doc. 127), and Plaintiffs filed a Reply (Doc. 129). None of the Defendants filed a Response. For the following reasons, the Motion is **GRANTED**.

Plaintiffs seek leave to add claims brought by Christine Benson and her minor child B.B. against Lakeside School District No. 9, where B.B. attends public school. The proposed new plaintiffs assert the same claims as the original Plaintiffs and seek identical preliminary and permanent injunctive relief. The only difference between Ms. Benson's and B.B.'s claims is that they accrued more recently, on September 25, 2025, when school officials in Lakeside School District No. 9 hung copies of the Ten Commandments in all classrooms in the District, including B.B.'s classrooms. It appears Lakeside School District No. 9 hung these posters in an attempt to comply with the requirements of Arkansas Act 573. This Court preliminarily enjoined Defendants Fayetteville School District No. 1, Springdale School District No. 50, Bentonville School District No. 6, and Siloam Springs School District No. 21 from complying with Act 573, as the law likely violated the Establishment and Free Exercise Clauses of the United States Constitution. *See* Doc. 71. More recently, on September 10, 2025, the Court modified the preliminary injunction order to include Defendant Conway School District No. 1, which was added as a Defendant by means of a Supplemental Complaint (Doc. 87) on August 28, 2025. *See* Doc. 111.

Rule 15(a) encourages granting leave to amend a pleading "when justice so requires," so long as there is no evidence of "undue delay, bad faith, dilatory motive, . . . undue prejudice to the non-moving party, or futility." *Anderson v. Bank of the West*, 23 F.4th 1056, 1060 (8th Cir. 2022). The Court believes a request to file a supplemental pleading under Rule 15(d) should be evaluated in the same way as a request to file an

amended complaint under Rule 15(a). *Cf.* Fed. R. Civ. P. 15 advisory committee notes to 1963 amendment ("Rule 15(d) is intended to give the court broad discretion in allowing a supplemental pleading."). Accordingly, leave should be liberally granted when justice so requires, provided there is no evidence of untimeliness or undue prejudice to the non-moving party.

First, there is no evidence of untimeliness here. Plaintiffs sought leave to add parties by the deadline specified in the Amended Phase I Case Management Order. *See* Doc. 101, ¶ 1. Second, the State's arguments regarding undue prejudice are unavailing. The State contends that permitting Plaintiffs to supplement the Complaint with Ms. Benson's and B.B.'s claims against Lakeside School District No. 9 will unduly complicate the pending interlocutory appeal and unduly burden the parties by dramatically increasing the scope and expense of discovery in light of "the individualized, fact-intensive nature of free exercise claims." (Doc. 127, p. 5). Beginning with the appeal, Plaintiffs only seek to broaden the preliminary injunction geographically to include another school district; such a move would not affect the matters on appeal in any material respect. And as for the discovery burden that adding these new parties would create, the State's argument is not tethered to reality. Lakeside School District No. 9 is accused of burdening Ms. Benson's and B.B.'s free exercise rights *in exactly the same way* that the Defendant school districts are accused of burdening the current Plaintiffs' free exercise rights. Surely the State is not suggesting that time-consuming discovery will be needed to test the nature of Ms. Benson's and B.B.'s religious beliefs to determine whether they are sincerely held.

In the Court's view, the clear purpose of Rule 15(d)'s supplemental pleading rule is judicial efficiency. It is reasonable for parents and students affected by the

implementation of Act 573 to seek relief from a Court that has already expended extensive judicial time and resources to consider the issues at length. To the extent the State would prefer that the proposed new plaintiffs pay a filing fee to bring a suit with the same arguments raised here, such would result in needless waste and run counter to effective judicial administration.

**IT IS THEREFORE ORDERED** that the Motion for Leave to Supplement the Complaint (Doc. 123) is **GRANTED**.

**IT IS SO ORDERED** on this 22nd day of October, 2025.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE