## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS

SAMANTHA STINSON and JONATHAN STINSON, on behalf of themselves and on behalf of their minor children, A.R.S. and A.W.S.; STEPHEN CALDWELL, on behalf of himself and on behalf of his minor child, W.C.; JOSEPH ARMENDARIZ, on behalf of himself and on behalf his minor children, M.A. and W.A.; TALARA TAYLOR and SHANE TAYLOR, on behalf of themselves and on behalf of their minor children, K.T. and M.T.; CAROL VELLA, on behalf of herself and on behalf of her minor children, E.M.V. and N.M.V.; DANIEL RIX, on behalf of himself and on behalf of his minor children, A.R., J.R., and W.R.; LEAH BAILEY, on behalf of herself and on behalf her minor children, C.T. and D.T.; JULEE JAEGER, on behalf of herself and on behalf of her minor child, U.J.; APRIL CHRISTINE BERRY and KYLE BERRY, on behalf of themselves and on behalf of their minor children, C.B. and K.B.; and CHRISTINE BENSON, on behalf of herself and on behalf of her minor child, B.B.,

     Plaintiffs,

v.

FAYETTEVILLE SCHOOL DISTRICT NO. 1; SPRINGDALE SCHOOL DISTRICT NO. 50; BENTONVILLE SCHOOL DISTRICT NO. 6; SILOAM SPRINGS SCHOOL DISTRICT NO. 21; CONWAY SCHOOL DISTRICT NO. 1; and LAKESIDE SCHOOL DISTRICT NO. 9,

     Defendants,

and

STATE OF ARKANSAS, *ex rel.* TIM GRIFFIN, ATTORNEY GENERAL,

     Intervenor.

CIVIL ACTION NO. 5:25-cv-05127-TLB

**MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION BY BENSON PLAINTIFFS**

Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 7.2, on behalf of herself and her minor child, Plaintiff Christine Benson (the "Lakeside Plaintiffs") moves this Court for a temporary restraining order and/or preliminary injunction immediately enjoining Lakeside School District No. 9 and its officers, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with it from complying with Arkansas Act 573 of 2025 ("Act 573") by displaying the Ten Commandments in public elementary- and secondary-school classrooms and libraries, and requiring Lakeside School District No. 9 to immediately remove any Act 573 displays currently posted. Yesterday, this Court granted Plaintiffs' motion for leave to file the Second Supplemental Complaint, ECF Nos. 123, 130. In doing so, the Court recognized that the Lakeside Plaintiffs "assert the same claims as the original Plaintiffs and seek identical preliminary and permanent injunctive relief." ECF No. 130 at 2. Accordingly, for the reasons already identified by this Court in its prior orders, the Court should grant Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunction. *See* ECF No. 71 (holding that Act 573 likely violates the Establishment Clause and the Free Exercise Clause of the First Amendment and preliminarily enjoining original defendants); ECF No. 111 (ordering Defendant Conway School District No. 1 to remove Ten Commandments displays from classrooms and refrain from further implementation of Act 573).

If the Court grants the requested temporary restraining order, the Lakeside Plaintiffs request that the order be converted to a preliminary injunction within fourteen days. *See* Fed. R. Civ. P. 65(b)(2).

In support of this Motion, the Lakeside Plaintiffs present the following:

1.      Pursuant to Act 573, and as detailed in Christine Benson's declaration, on September 25, 2025, Defendant Lakeside School District No. 9 posted displays of the Ten

Commandments in each of her minor child's classrooms. Thus, B.B. is currently being forcibly subjected to the displays in every classroom, for nearly every hour of the school day.

2.      In the Second Supplemental Complaint, ECF No. 131, the Lakeside Plaintiffs request preliminary and, thereafter, permanent injunctive relief to abate the harms caused by Defendant Lakeside School District's Ten Commandments displays. They incorporate all averments of their Second Supplemental Complaint here by reference. This Motion pertaining to the Lakeside Plaintiffs' request for a temporary restraining order and/or preliminary injunctive relief is filed with an accompanying Memorandum setting out the relevant facts and applicable law in this matter pursuant to the requirements of Local Rule 7.2(a), (e).

3.      This Motion is based upon the Second Supplemental Complaint; the Memorandum supporting this Motion; and the declaration of Christine Benson, which is attached to this Motion.

4.      Plaintiffs also rely upon and incorporate the following evidence, documents, and arguments: Plaintiffs' Motion for Preliminary Injunction (ECF No. 8); Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction (ECF No. 9); arguments made in support of Plaintiffs' preliminary-injunction motion in Plaintiffs' Opposition to Defendants' Motion to Dismiss and the State of Arkansas's Motion to Dismiss and Reply in Support of Plaintiffs' Motion for Preliminary Injunction (ECF No. 58, at 27-45); the report of expert historian Dr. Steven K. Green (ECF No. 8-12); Dr. Green's testimony at the preliminary-injunction hearing on July 18, 2025, as reflected in the hearing transcript (ECF No. 68, at 21-173); any arguments supporting Plaintiffs' preliminary-injunction motion at the same hearing that this Court deems relevant to this Motion; Plaintiffs' Motion for Temporary Restraining Order and/or Motion for Preliminary Injunction by April Christine Berry, Kyle Berry, and Julee Jaeger (ECF No. 90); Plaintiffs' Memorandum in Support of Motion for Temporary Restraining Order and/or Motion for

Preliminary Injunction by April Christine Berry, Kyle Berry, and Julee Jaeger (ECF No. 91); and Plaintiffs' Reply to Defendants' and the State of Arkansas's Response in Opposition to Motion for Temporary Restraining Order and/or Motion for Preliminary Injunction by April Christine Berry, Kyle Berry, and Julee Jaeger (ECF No. 109).

5.      This Motion accords with the Court's prior opinion and order in this case (ECF No. 71) holding that Act 573 violates the Establishment Clause and the Free Exercise Clause of the First Amendment and preliminarily enjoining Defendants Fayetteville School District No. 1, Springdale School District No. 50, Bentonville School District No. 6, and Siloam Springs School District No. 21 from implementing Act 573, and the Court's order preliminarily enjoining Defendant Conway School District No. 1 from implementing Act 573 (ECF No. 111).

6.      For the reasons set forth in the pleadings and papers filed by Plaintiffs, all documents submitted therewith and incorporated herein, and in accordance with the Court's prior opinions and orders in this case, the Lakeside Plaintiffs are likely to succeed on the merits of their claims.

7.      Act 573 mandates the prominent display of a state-approved, Protestant version of the Ten Commandments in a "conspicuous place" in every public "elementary and secondary school library and classroom." Act 573 §§ (a)(1)–(2). The Act took effect on August 5, 2025. As this Court previously held, the Act is "obviously unconstitutional." ECF No. 71 (Mem. Op. & Order), at 4. Thus, its implementation will continue to inflict irreparable harm on the Lakeside Plaintiffs if a temporary restraining order and/or preliminary injunction is not granted. *See id.* at 24-34.

8.      The ongoing injury to the Lakeside Plaintiffs if the temporary restraining order and/or preliminary injunction is denied outweighs any harm that will result to the Lakeside School

District or Intervenor if the temporary restraining order and/or preliminary injunction are granted. *Id.* at 33.

9.      Granting the Lakeside Plaintiffs' motion for a temporary restraining order and/or preliminary injunction will not disserve the public interest. *Id.*

10.     Lakeside School District No. 9 is represented by Bequette, Billingsley & Kees, P.A., the same firm that represents Conway School District No. 1. Counsel for Lakeside School District No. 9 is thus aware that Plaintiffs have sought and been granted leave to supplement their complaint and are aware of the Lakeside Plaintiffs' intent to seek immediate relief. Counsel for Lakeside School District No. 9 has agreed to accept service.

11.     Lakeside School District has been on notice of the Court's preliminary injunction ruling since August 5, when its superintendent received a letter from Plaintiffs' counsel informing it of the Court's preliminary-injunction order. *See* ECF No. 79-3. The letter cautioned that "any school district that implements Act 573 will be violating the First Amendment and could be inviting additional litigation." *Id.* at 2. Further, on August 29, 2025, counsel for Plaintiffs sent a second letter to superintendents of all school districts (except the then-current Defendants) to inform them of the Court's August 28 ruling entering a temporary restraining order against the Conway School District. That letter included this Court's admonition that "[f]or the benefit of the 233 school districts in Arkansas that were not specifically enjoined," the Ten Commandments displays likely "violate the First Amendment rights of *all Arkansas public-school parents and their children.*" ECF No. 123-4 (quoting Opinion and Order, ECF No. 86 at 2).

12.     Thus, the Lakeside School District has been on notice of its possible inclusion in this lawsuit since August 5. Moreover, Intervenor has been on notice that additional school districts could be added to this litigation per the Court's Amended Phase I Case Management Order entered

on August 29, 2025. *See* ECF No. 101. The Court should therefore require the Lakeside School District and Intervenor to file any opposition to a TRO by 5 p.m. tomorrow, Friday, October 24. This schedule will ensure that the Court has enough time to order that the Lakeside School District's Act 573 displays be immediately taken down and that such order is effectuated at once.

13.     If the Court grants a temporary restraining order, Plaintiffs further request that the Court set a schedule for any additional briefing or hearing that may be necessary to convert the temporary restraining order to a preliminary injunction within the fourteen days established in Fed. R. Civ. P. 65(b)(2).

**WHEREFORE**, for the foregoing reasons, the Lakeside Plaintiffs pray that this Court:

a. Issue a temporary restraining order and/or preliminary injunction immediately enjoining Defendant Lakeside School District No. 9 and its officers, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with it, from complying with Act 573 or 2025 by displaying Ten Commandments in public elementary- and secondary-school classrooms and libraries; and requiring Defendant Lakeside School District No. 9 and its officers, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with it, to remove all Act 573 displays currently posted.

b. If a temporary restraining order is issued, convert the order to a preliminary injunction within fourteen days.

DATED: October 23, 2025                              Respectfully submitted,

                                                     By: /s/ John C. Williams
                                                     ARKANSAS CIVIL LIBERTIES UNION
                                                     FOUNDATION, INC.
                                                     John C. Williams (ABN 2013233)
                                                     Shelby H. Shroff (ABN 2019234)
                                                     904 W. 2nd St.
                                                     Little Rock, AR 72201
                                                     (501) 374-2842
                                                     john@acluarkansas.org
                                                     shelby@acluarkansas.org

                                                     AMERICAN CIVIL LIBERTIES UNION
                                                     FOUNDATION
                                                     Daniel Mach*
                                                     Heather L. Weaver*
                                                     915 15th Street, NW, Suite 600
                                                     Washington, DC 20005
                                                     (202) 675-2330
                                                     dmach@aclu.org
                                                     hweaver@aclu.org

                                                     AMERICANS UNITED FOR
                                                     SEPARATION OF CHURCH & STATE
                                                     Alex J. Luchenitser*
                                                     Amy Tai* ×
                                                     Jess Zalph*
                                                     1310 L Street NW, Suite 200
                                                     Washington, DC 20005
                                                     (202) 466-7306
                                                     luchenitser@au.org
                                                     tai@au.org
                                                     zalph@au.org

                                                     FREEDOM FROM RELIGION
                                                     FOUNDATION
                                                     Patrick C. Elliott*
                                                     Samuel T. Grover*
                                                     Nancy A. Noet*
                                                     PO Box 750
                                                     Madison, WI 53701
                                                     (608) 256-8900
                                                     patrick@ffrf.org
                                                     sgrover@ffrf.org
                                                     noetn@ffrf.org

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood
Janet A. Gochman*
Noah Gimbel*
Griselda Cabrera*
Jordan T. Krieger*
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
*jyoungwood@stblaw.com*
*jgochman@stblaw.com*
*noah.gimbel@stblaw.com*
*griselda.cabrera@stblaw.com*
*jordan.krieger@stblaw.com*

*Counsel for Plaintiffs*

\* *Appearing Pro Hac Vice*

× Admitted to practice in New York; not a member of the DC bar

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2025, I filed the foregoing on the CM/ECF system, which completed service upon counsel for Intervenor and counsel for Defendants Fayetteville School District No. 1, Springdale School District No. 50, Bentonville School District No. 6, Siloam Springs School District No. 21, and Conway School District No. 1. I further certify that on October 23, 2025, I served the foregoing upon counsel for Defendant Lakeside School District No. 9, pursuant to his written consent.

By: /s/ John C. Williams
John C. Williams