IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SAMANTHA STINSON and JONATHAN STINSON,
on behalf of themselves and on behalf of their minor children,
A.R.S. and A.W.S.; STEPHEN CALDWELL, on behalf of himself
and on behalf of his minor child, W.C.; JOSEPH ARMENDARIZ,
on behalf of himself and on behalf of his minor children,
M.A. and W.A.; TALARA TAYLOR and SHANE TAYLOR,
on behalf of themselves and on behalf of their minor children,
K.T. and M.T.; CAROL VELLA, on behalf of herself and on behalf
of her minor children, E.M.V. and N.M.V.; DANIEL RIX, on behalf
of himself and on behalf of his minor children, A.R., J.R., and W.R.;
LEAH BAILEY, on behalf of herself and on behalf of her minor children,
C.T. and D.T.; JULEE JAEGER, on behalf of herself and on behalf
of her minor child, U.J.; APRIL CHRISTINE BERRY and KYLE BERRY,
on behalf of themselves and on behalf of their minor children,
C.B. and K.B.; and CHRISTINE BENSON, on behalf of herself
and on behalf of her minor child, B.B.                                                    PLAINTIFFS

V.                                         CASE NO. 5:25-CV-5127

FAYETTEVILLE SCHOOL DISTRICT NO. 1;
SPRINGDALE SCHOOL DISTRICT NO. 50;
BENTONVILLE SCHOOL DISTRICT NO. 6;
SILOAM SPRINGS SCHOOL DISTRICT NO. 21;
CONWAY SCHOOL DISTRICT NO. 1; and
LAKESIDE SCHOOL DISTRICT NO. 9                                                      DEFENDANTS

AND

STATE OF ARKANSAS *ex rel.* TIM GRIFFIN,
ATTORNEY GENERAL                                                                          INTERVENOR

## TEMPORARY RESTRAINING ORDER

On October 23, 2025, Plaintiffs filed a Second Supplemental Complaint (Doc. 131) pursuant to Federal Rule of Civil Procedure 15(d), followed by a Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 133), Brief in Support (Doc. 134), and the affidavit of new Plaintiff Christine Benson (Doc. 133-1). The standard for

1

analyzing a request for a temporary restraining order is the same as for a preliminary injunction. *See Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022). The Court must consider the following factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Ng v. Bd. of Regents*, 64 F.4th 992, 997 (8th Cir. 2023) (quoting *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)).

Having reviewed the above factors, the Court finds that the requirements of Federal Rule of Civil Procedure 65(b)(1)(A) have been satisfied and a temporary restraining order should issue as to Lakeside School District No. 9. Lakeside Plaintiffs are identically situated to the original Plaintiffs: They advance the same legal arguments, assert the same constitutional injuries, and request the same relief. The Court preliminary enjoined the Fayetteville, Springdale, Bentonville, Siloam Springs, and Conway School Districts from complying with Arkansas Act 573 because it likely violates Plaintiffs' First Amendment rights. *See* Docs. 71 & 111. Because Act 573 is likely to violate Lakeside Plaintiffs' constitutional rights in the same ways, the remaining *Dataphase* factors are presumed to weigh in Plaintiffs' favor and warrant the issuance of a temporary restraining order. "Loss of First Amendment freedoms, even for minimal periods of time, constitute[s] irreparable injury." *Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 280 (5th Cir. 1996) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

**IT IS THEREFORE ORDERED** that the Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 133) is **GRANTED** as to the request for a temporary

restraining order but **HELD IN ABEYANCE** as to the request for preliminary injunction. By no later than **November 3, 2025**, Defendants and Intervenor may submit briefing to address why the existing preliminary injunction should not be modified to include Defendant Lakeside School District No. 9.

    **IT IS FURTHER ORDERED** that Lakeside School District No. 9 and its officers, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with it are **TEMPORARILY ENJOINED** from complying with Act 573. All posters displaying the Ten Commandments in compliance with Act 573 must be **REMOVED** from all classrooms and libraries by no later than **5:00 P.M., Monday, October 27, 2025**.

    **IT IS SO ORDERED** on this 24th day of October, 2025.

    _____
    TIMOTHY L. BROOKS
    CHIEF UNITED STATES DISTRICT JUDGE