IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**SAMANTHA STINSON** *et al.*                                                                                    **PLAINTIFFS**

**V.**                              **CASE NO. 5:25-CV-5127**

**FAYETTEVILLE SCHOOL DISTRICT NO. 1** *et al.*                                          **DEFENDANTS**

**AND**

**STATE OF ARKANSAS** *ex rel.* **TIM GRIFFIN,**
**ATTORNEY GENERAL**                                                                                              **INTERVENOR**

## ORDER CONVERTING TEMPORARY RESTRAINING ORDER
## TO PRELIMINARY INJUNCTION

On October 22, 2025, the Court granted Plaintiffs' request for leave to file a second supplemental complaint under Federal Rule of Civil Procedure 15(d). *See* Doc. 130. The pleading (Doc. 131) was filed on October 23, adding Christine Benson and her minor child, B.B., as new plaintiffs and Lakeside School District No. 9 as a new defendant to this action. Also on October 23, Plaintiffs filed a Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 133) as to Lakeside School District No. 9. On October 24, the Court issued a temporary restraining order but held in abeyance Plaintiffs' request for a preliminary injunction. *See* Doc. 137. All Defendants and Intervenor the State of Arkansas were invited to submit further briefing on the preliminary injunction issue.

Of all the school district Defendants, only Lakeside filed a Response in Opposition to the Motion for Preliminary Injunction (Doc. 142)—stating only that it adopted and incorporated the arguments raised in Conway School District No. 1's Brief (Doc. 106) filed

1

on September 8. The Court already explained why Conway's arguments were either moot or nonsensical, see Doc. 111, p. 2 n.1, and the same reasoning applies to Lakeside.

The State of Arkansas also submitted a Brief (Doc. 145) urging the Court to reconsider its decision to enjoin the school districts' compliance with Arkansas Act 573. *See* Doc. 71. The State offers no new law to support its request for reconsideration. Further, the Court finds that new Plaintiffs Benson and B.B. are similarly situated to all other Plaintiffs in this case. Ms. Benson's Declaration (Doc. 133-1) establishes that Act 573's Ten Commandments displays are likely to substantially interfere with her ability to direct the religious upbringing of her child and to violate their First Amendment rights. The Court also rejects the State's request for a more tailored "bubble injunction" that would apply only to B.B.'s classrooms; such tailoring would be infeasible, unworkable, and inadequate to completely relieve the injury to Ms. Benson's and B.B.'s religious rights. *See* Doc. 71, pp. 33–34 & n.16; Doc. 147-1.

**IT IS THEREFORE ORDERED** that the portion of Plaintiffs' Motion for Preliminary Injunction (Doc. 133) that was held in abeyance is **GRANTED** insofar as the Temporary Restraining Order (Doc. 137) previously issued as to Separate Defendant Lakeside School District No. 9 and its officers, agents, affiliates, subsidiaries, servants, employees, and successors is **CONVERTED** to a Preliminary Injunction that shall remain in effect until this matter is decided on the merits.

**IT IS SO ORDERED** on this 10th day of November, 2025.

    */s/ Timothy L. Brooks*
    TIMOTHY L. BROOKS
    CHIEF UNITED STATES DISTRICT JUDGE